WILLIAM M. OGDEN, petitioner, *vs.* E. P. GREENLEAF.

Suffolk. Nov. 19, 1886. —Jan. 8, 1887. HOLMES & GARDNER, JJ., absent.

An order of a justice of this court, on a probate appeal, declining to allow an amendment to an issue of fact framed for the jury, cannot be revised by bill of exceptions, but only by appeal.

On the issue whether a codicil to a will was induced by the fraud or undue influence of one of the legatees, the jury were instructed that the burden was on the contestant to satisfy the jury that the legatee exercised this fraud and undue influence; and that it was a question of fact for the jury whether the testator was induced to make it by the fraud and undue influence of the legatee. *Held*, that the person contesting the validity of the codicil had no ground of exception to the refusal of the judge to rule that the jury might find that so much of the codicil as contained a bequest to the legatee in question might be stricken out, and the remainder of the codicil established, if the codicil was induced by his fraud and undue influence.

APPEAL by E. P. Greenleaf from a decree of the Probate Court, admitting to probate certain paper writings, purporting to be the last will and testament of Eliza Appleton and two codicils thereto.

The case was tried in this court, before *Gardner*, J., on issues framed for the jury in regard to each of the papers, those relating to the second codicil being as follows : " 7. Was the instrument which is offered for probate as a second codicil to the will of the said Eliza Appleton, and dated May 19, 1885, duly executed by her as and for a second codicil to her last will, and duly attested and subscribed in her presence by three competent witnesses ? 8. If so, was the said Eliza Appleton, at the time of the execution of said codicil, of sound mind ? 9. Was said Eliza Appleton induced by the fraud or undue influence of William M. Ogden to execute said second codicil ? "

It appeared that each of the papers offered for probate contained a bequest to William M. Ogden, that in the second codicil being of $5000 in money, and of all the clothing, furniture, &c. in a certain house in Boston.

It appeared that William M. Ogden was a practising physician in Boston; that the testatrix for many years before her death had been his patient; that during the last year of her life she moved to the house in which he lived, and died there; that the second codicil was executed in this house, and the body of the instrument was in his handwriting, although he was not present at its execution; and that he presented the two codicils to the Probate Court two days after the death of Mrs. Appleton, and before the will was offered for probate.

At the close of the trial, the appellant withdrew his objections to the will and to the first codicil; and the case, at his request, was submitted to the jury upon the seventh and ninth issues.

The appellant asked the judge to amend the last issue by adding thereto the words " or any part thereof." The judge declined to make such change. The appellant also requested the judge to instruct the jury, that, under the issue as framed, they might find separately that so much of said codicil as contained a bequest to said William M. Ogden might be found to have been induced by his fraud and undue influence, and be stricken out, and the remainder of the codicil established, if, upon the evidence, they should so find. The judge declined so to rule.

The seventh issue was submitted to the jury under full and appropriate instructions, to which no exceptions were taken.

Upon the ninth issue, the judge did not instruct the jury that they must answer this in the negative unless they found that all the bequests in the second codicil were obtained by fraud or undue influence, unless the same appears from the following instructions:

" This fraud and this undue influence are set up and alleged by the contestant to the will, and the burden of proof is upon him to satisfy you, by a fair preponderance of all the testimony, that Dr. Ogden exercised this fraud and this undue influence upon Mrs. Appleton, to bring about this bequest to him, to bring about the execution of this codicil as it was drawn. . . . . If the testatrix was at the time of sound mind, clearly understood

the transaction, and exercised a free will in making the bequest, under no restraint or undue influence, such bequest will be supported. . . . . The law views transactions of this kind between such parties with some jealousy, especially when the will making a bequest is in the handwriting of the person to be benefited, and if at the time of making the will the mind of the testatrix was enfeebled by age or disease, or both, even though not to the extent of producing mental unsoundness, and she, at the time of the execution of such instrument, was living in the legatee's house, and in making the bequest acted without independent and disinterested advice, and such bequest was to a stranger, having no claims from relationship, by which he derives a considerable bequest to the exclusion of the natural objects of the testator's bounty. These circumstances, if proved and unexplained, would authorize a jury to find that a will was void through undue influence, without proof of specific acts of the legatee at the time of the making of the will. . . . . The jury must settle this question as to whether this bequest to him (Dr. Ogden), whether this instrument called the second codicil, was signed and executed by her not by her own free will, not by her own free agency, but that her mind was overcome, her will was influenced to such an extent that it was not her will, not her codicil, but that it was in reality the codicil of Dr. Ogden, he having exercised such power over her will, over her free agency, that she succumbed and did what he wanted, and not what she herself preferred to do. In considering this question, read the three documents over carefully and see what each says, because in each there are bequests to Dr. Ogden; he is remembered in the will, in the first codicil, and also in the last. . . . . It is a question of fact, upon all the evidence, for you to say whether this second codicil was executed by Mrs. Appleton, in the first place; and in the second place, if you find that it was executed according to the formalities of law, whether she was influenced, whether she was induced to make it, by the fraud and undue influence of Dr. Ogden."

The jury returned a verdict in favor of the will and both codicils; and the appellant alleged exceptions.

*A. Russ,* (*D. A. Dorr* with him,) for the appellant.

*D. C. Linscott,* for the petitioner.

DEVENS, J. After withdrawing any opposition to the will and first codicil, the appellant moved to have the issue as to the alleged influence of the petitioner amended by adding the words " or any part thereof" to the inquiry whether the testatrix was " induced by the fraud or undue influence of William M. Ogden to execute said second codicil." This motion was refused. No exception to this refusal can be sustained. If such refusal was erroneous, any remedy that exists is by appeal only. *Davis* v. *Davis*, 123 Mass. 590, 594. *Dorr* v. *Tremont Bank*, 128 Mass. 349, 356. This proposed amendment to the issue is not important, and the appellant concedes it to be immaterial unless he was entitled to the instruction to the jury requested, which was, that, under the issue as framed, " so much of said codicil as contained a bequest to said William M. Ogden might be found to have been induced by his fraud and undue influence, and be stricken out, and the remainder of the codicil established, if upon the evidence they should so find." This request was refused.

Upon the issue as to the procurement of the second codicil by the fraud or undue influence of Ogden, the judge did not instruct the jury that they must find that it was not so procured unless they were satisfied that all the bequests were obtained by his fraud or undue influence. The jury are to be satisfied, he states in his charge, that " Dr. Ogden exercised this fraud and this undue influence upon Mrs. Appleton to bring about this bequest to him, to bring about the execution of this codicil as it was drawn." He explains to the jury fully, and in a manner not objected to, the meaning of fraud and of undue influence, and concludes by saying that, if the jury find that the disputed codicil was executed according to the formalities of law, they are to determine " whether she was influenced, whether she was induced to make it, by the fraud and undue influence of Dr. Ogden."

The refusal of the judge to give the instruction requested by the appellant cannot have prejudiced him. If the appellant's view of the law is correct, had the conduct of Ogden been fraudulent, or had he been guilty of undue influence, the codicil would have been partially set aside only. The ruling of the judge upon the issue presented, fairly interpreted, required a verdict in the appellant's favor if there had been any fraud or undue

influence on the part of Ogden, although it affected Ogden's legacy only. Had the verdict been otherwise than it was, it may be that the executor, or the other legatees under the codicil, as their interests are individual and distinct, would have had ground for complaint if they had brought the matter to the attention of the judge. That, under certain circumstances, there may be a partial probate of a will, as where certain property of which it disposes is properly subject to· it, while other property of which it assumes to dispose is not, cannot be controverted. *Deane* v. *Littlefield*, 1 Pick. 239. *Holman* v. *Perry*, 4 Met. 492. 1 Redf. on Wills, (4th ed.) 519. But we have no occasion here to discuss the question whether, or under what circumstances, a part of a will or codicil can be rejected and the remainder established, as in the case at bar the jury must have found that there was no fraud or undue influence in regard· to the second codicil.

*Exceptions overruled.*