In the Matter of the Probate of the Will of JAMES FINN, Deceased.

(*Surrogate's Court, Westchester County, Filed November*, 1892.)

1. WILL—TESTAMENTARY CAPACITY.
   Where it appears that the testator was not influenced in any way in the drawing of his will, and fully understood the fact of the existence of his wife and children and others who were the objects of his bounty, and the extent of his estate, the mere fact that he gave his children but an inconsiderable portion is not sufficient to show want of testamentary capacity.

2. SAME—MISTAKE AS TO EXECUTOR.
   A mistake of testator as to the person nominated as executor will not render the will void.

Petition for the probate of a decedent's will, executed while he was a patient in a hospital.

F. X. Donoghue, for Nathan A. Warren, executor; Joseph F. Daly, for St. Matthew's Church; Arthur J. Burns, for contestants.

COFFIN, S.—The deceased left a widow, Catharine Finn, and two sons by a former wife, John and James Finn, which sons are the contestants. After a careful consideration of the facts developed by the testimony, the conclusion that the deceased was possessed of a sound and disposing mind when the will was made seems quite irresistible. He sent for the attorney to come and draw it. He fully understood the fact of the existence of his wife and children, and of others who were made objects of his bounty. The attorney was ignorant on the subject, and received

the instructions as to the provisions of the will wholly from the deceased, who also stated correctly the amount of his estate, to wit, about $6,000 in money. By the paper propounded he gives to his wife for life the use of the whole. At her death he gives $500 to the children of John and Julia Fox, of Galway, Ireland; to his sister in Ireland, $2,000; to the children of John Finn, of the same place, $1,000; to the children of James Finn, of the same place, $700; to his own sons, $100 each; to Sister Josephine, for the benefit of St. Matthew's School, Hastings, $300; for saying of masses for the repose of his soul, $25; and the residue (about $1,275) to Rev. David O'Connor, for the benefit of St. Matthew's Church, Hastings. However much we might feel disposed to criticise these provisions, and especially those for his own children, yet it cannot be denied that being competent to make the will, and not subjected to any influence, undue or otherwise, it must be permitted to stand as a final disposition of his estate.

It is claimed that there was a mistake made in the person nominated as executor, and that the will is void for that reason. If such mistake were made, it is not considered that that fact would furnish a sufficient ground for its rejection. It might still be admitted to probate as to the disposing portions, as they are in no way involved, and an administrator with the will annexed appointed. There were three physicians connected with the hospital, Dr. Warren, Dr. Miles and Dr. Duffy. The latter two attended the patient; whether the first did or not does not appear. After the question as to who should be named as executor had been discussed between the deceased and his lawyer, the testator suggested that "the doctor" be the executor. On being asked the name, he did not recall it, whereupon he was asked if it was Dr. Warren, and he replied that he believed it was, and the proponent's name was accordingly inserted. Under these circumstances, no sufficient evidence of a mistake in that respect is found. As the court has not been asked to construe the will on the probate, the questions which may arise in regard to the validity of the bequests to the religious and charitable

institutions named in the will must remain undisposed of here until an accounting shall be had. A decree granting probate will be entered.