In the Matter of the Petition of WILLIAM H. JANES to Revoke the Probate of Certain Clauses of the Last Will and Testament of ECKFORD WEBB, Deceased.

WILLIAM H. JANES, Petitioner and Appellant; JESSIE BELKNAP RANKEN, Respondent.

*Will — legatee under residuary clause, a contestant — false statement made to a testator by a beneficiary as to her being unmarried, when immaterial.*

A legatee under the residuary clause of a will has sufficient interest to maintain a proceeding to revoke the probate of certain of its clauses beneficial to a housekeeper of the testator, upon allegations that they were procured by fraud and deceit.

A provision made by a testator for a housekeeper, whom he believed to be unmarried, in a case where it appeared that the testator had no intention of marrying her, and only desired her care and her society, will not be avoided to her detriment by reason of her false statement to him that she was unmarried.

APPEAL by the petitioner, William H. Janes, from an order and decree of the Surrogate's Court of the county of Kings, entered in said court on the 10th day of December, 1894, granting the motion of the respondent, Jessie Belknap Ranken, to dismiss a proceeding to revoke the probate of certain parts of the will of Eckford Webb, deceased, which made bequests to her.

*Louis O. Van Doren* and *H. B. Twombly*, for the petitioner, appellant.

*A. H. Dailey*, for the respondent.

CULLEN, J.:

This is an appeal from a decree of the surrogate of Kings county denying the petition of the appellant to revoke the probate of certain clauses of the will of the testator in favor of the respondent on the ground that they were procured by fraud and deceit practiced by the respondent in personating herself as a single woman, while as a matter of fact she was married. We have no doubt that this proceeding will lie and that the petitioner, as legatee under the residuary clause, has sufficient interest to maintain the proceeding.

SECOND DEPARTMENT, MAY TERM, 1895. [Vol. 87.

At the close of the petitioner's case, without calling on the respondent for proof, the surrogate denied the application. On this appeal the matter comes before us substantially for a rehearing on the facts, and we must decide whether the case made by the petitioner established a fraud or imposition on the testator, and, secondly, whether the deceit was such as to avoid the testamentary provisions in respondent's behalf.

The testator was over sixty-five years old. He had no immediate family, his wife and children having died many years before. He was excessively corpulent and required many attentions to his personal wants. He kept house and had had a housekeeper whom he had discharged in April, 1889, upon her announcement of her intention to marry. The proof, on the part of the petitioner, showed the discharge of the previous housekeeper for the reason stated, and also declarations of the deceased that he would not have a married woman in his service in that position, and that a married woman could not properly attend to his wants. Evidence was given tending to show that the respondent, knowing the aversion of the deceased to the employment of a married woman, and expecting to share in his bounty, represented herself as single and obtained the position as housekeeper. She went into the employment of deceased in August, 1891, and remained with him in such employment till the death of the testator in August, 1893. By his will dated August 20, 1891, the deceased made the following provisions for the respondent:

"*Third.* I give, devise and bequeath to Miss Jessie Belknap Ranken, provided she remains with me up to the time of my decease, the house and lot known as number seventy-eight (78) Rush street, in the nineteenth ward of the city of Brooklyn, together with the sum of five thousand dollars and all the pictures, piano and household furniture remaining in said house at the time of my death, to have and to hold the same to her, her heirs, executors, administrators and assigns forever. The foregoing devise and bequest are made by me to the said Jessie Belknap Ranken out of respect for her and her services and kindness to me, and with the expectation that she will remain with me as long as I live. If, however, the said Jessie Belknap Ranken shall not remain with me up to the time of my decease, then the said devise and bequest to her shall be void and of no effect," and also

one-third of his residuary estate subject to the like conditions that she should live with him till his decease. If the deceased was deceived as to the fact of the respondent being married, we think that that fact itself, considering the circumstances and the relation of the parties, would not avoid the provisions of the will in her favor. The testator was not opposed to marriage in itself, nor did he contemplate any relation with the respondent to which her marriage would be a bar. He was not her suitor. His objection to having a married woman in his employ was based simply on his belief that a married woman could not give him the attention and service that he required. What dictated his bounty towards the respondent he himself has stated, not love, not affection, but "out of respect for her, and her services and kindness to me, and with the expectation that she will remain with me as long as I live." He was careful to provide against her abandonment of him or his dissatisfaction with and discharge of her by the proviso that the legacy and devise should be void in case she did not remain with him until his death. Therefore, if deceived as to her marriage, that deception at most led to her employment; his bounty was due not to the fact that she was single, but that she served him well, and that she did serve him well appears not only in the evidence in the case but by the fact that he retained her till his death. The case, therefore, has no analogy to a gift to a supposed wife, or to a *fiancée* where a previous marriage would be a bar to the relationship, which relationship was the moving cause of the legacy. It is further to be borne in mind that the will in this respect is but a reproduction of similar provisions made in favor of a previous housekeeper.

But we do not believe that the deceased was deceived as to the fact of the respondent's being a married woman. The evidence to establish this deception and imposture rests principally on the testimony of Mrs. Russell, whose story is full of contradictions and in many particulars wholly improbable. From her we learn that for six months before the occasion when the respondent and witness visited Mr. Webb to obtain respondent employment, the deceased had been taking the respondent out driving, though witness never saw Webb during this time at the residence of respondent and her husband. According to Mrs. Russell's story, when the first visit to Webb was proposed, the respondent told witness what provisions

Webb had made in his will for his former housekeeper and what provisions she would obtain for herself, and singularly in these statements the respondent seems to have been entirely accurate. If the story of this witness is true it is perfectly palpable that the whole subject had been discussed and the terms agreed upon between Webb and respondent before the latter ever spoke to the witness about the matter. Nor can it be doubted that during these meetings of Webb with the woman whom he took out driving, at whose house he was never seen, he had gained such information concerning her as he desired. It is not necessary to suspect any impropriety in the relations between the deceased and the respondent, though if there were such it would not invalidate the will. (*In re Mondorf*, 110 N. Y. 450.) The deceased, so far as domestic life, was practically alone in the world, and seems to have had but little resources within himself of amusement or enjoyment. Undoubtedly he required from his housekeeper far more than mere supervision of his household affairs. In his condition he may very well have wanted the company and kindness of a woman, as well as her services, but not her meretricious favors. Conscious that his age and physical infirmities precluded him from obtaining such company by any personal attractions, he sought by the offer of compensation to obtain the kindly services of some woman during his declining years. This respondent seems to have discharged the requirements of deceased to his satisfaction, and we see nothing in the evidence in this case that compels us to reverse his judgment.

The decree appealed from should be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Decree of surrogate affirmed, with costs.