RANKEN, Respondent, v. JANES, Appellant. (Supreme Court, Appellate Division, Second Department. November 20, 1896.) Action by Jesse B. Ranken against William H. Janes. Benjamin F. Tracy, for appellant. Abram H. Dailey, for respondent.

PER CURIAM. We think that the learned trial judge misapprehended the effect of our decision in Matter of Janes, 87 Hun, 57, 33 N. Y. Supp. 968, and the opinion there delivered. That was an application by the present appellant to revoke the probate of certain provisions of the will of Eckford Webb in favor of the present respondent, on the ground they were procured by fraud. The surrogate, at the close of the appli-

cant's evidence, dismissed the proceeding. On appeal, we affirmed the decree of the surrogate. The opinion premises the statement that the appeal was, under the Code (section 2586), a rehearing on the facts. We did not treat the case as similar to a nonsuit in an action, nor did we determine that there was no evidence tending to establish fraud, nor that the provisions of the will were procured by fraud. We did decide, upon the record then before us, that no fraud was practiced on the testator, and that the fraud charged, if it did exist, was not the inducing cause of the testamentary provisions assailed. But these questions were decided as questions of fact, not as questions of law, and the burden of the opinion is to be treated as an argument on the propositions of fact. Our decision in the proceeding to revoke the probate would not conclude the parties in an action at law to try title to the real estate devised. Corley v. McElmeel, 149 N. Y. 228, 43 N. E. 628. The judgment appealed from should be reversed, and a new trial granted, costs to abide event.