---

## In re SWARTZ'S WILL.

### (Surrogate's Court, New York County. February 6, 1913.)

1. WILLS (§ 300*)—PROBATE—INSTRUMENTS ENTITLED TO PROBATE.

The factum of a will being established by proof under oath of execution, the will is prima facie entitled to probate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 697; Dec. Dig. § 300.*]

2. WILLS (§ 215*)—PROBATE—CONSTRUCTION OF WILL.

In a probate proceeding, where it is sought to reject a part of a will on the ground of mistake, the matter is addressed to the powers of the surrogate sitting as a probate judge, and not to his power as a court of construction, under Code Civ. Proc. § 2624.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 522, 523; Dec. Dig. § 215.*]

3. WILLS (§ 253*)—SURROGATE'S COURT—JURISDICTION.

While the powers of the surrogate as a court of probate are due primarily to Code Civ. Proc. § 2472, conferring jurisdiction "to take the proofs of wills and to admit wills to probate," yet, in the absence of more precise definition, his powers in probate matters are referable to established precedents and to the Constitution.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 589; Dec. Dig. § 253.*]

4. WILLS (§ 216*)—PROBATE—PARTIAL PROBATE.

The surrogate, as an incident of his probate jurisdiction, may refuse probate to part of a will, if fraud or mistake is established.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 524; Dec. Dig. § 216.*]

---

**5. Courts (§ 98\*)—Surrogate's Court—Sources of Decision.**

Cases in the ecclesiastical courts of England, although decided since our independence, are still of some indirect authority in the Surrogate's Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 324; Dec. Dig. § 98.\*]

**6. Wills (§ 203\*)—Probate—Nature of Proceeding.**

Probate is a proceeding in rem.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 502, 503; Dec. Dig. § 203.\*]

**7. Courts (§ 198\*)—Surrogate's Court—Jurisdiction.**

A jurisdiction is not for the benefit of the judge, but a matter of public concern, and for that reason, if no other, the surrogate should not be slow to assert and protect his jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 469, 471–475, 478; Dec. Dig. § 198.\*]

**8. Wills (§ 215\*)—Probate—Power to Add Words to Will.**

A court of probate has no power, incidental to its general probate jurisdiction, to add words to a will, even if omitted by mistake.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 522, 523; Dec. Dig. § 215.\*]

**9. Courts (§ 98\*) — Surrogate's Court — Sources of Decision — English Cases Prior to Revolution.**

An English decision in 1771 is binding here.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 324; Dec. Dig. § 98.\*]

**10. Wills (§ 346\*)—Probate—Scope of Decree.**

The factum of a will may be formally adjudged by the same decree which construes the will so found entitled to probate; but the adjudications rendered in the separate spheres of jurisdiction are nevertheless distinct acts of the surrogate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 803; Dec. Dig. § 346.\*]

**11. Wills (§ 698\*)—Surrogate's Court—Jurisdiction.**

In the absence of a definition as to the jurisdiction of the surrogate as a court of construction, the measure of such jurisdiction is to be found either in the jurisdiction of the courts invested with equitable powers, or that of the courts proceeding according to the course of the common law, or both.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1676; Dec. Dig. § 698.\*]

**12. Wills (§ 698\*)—Probate—Jurisdiction—Correction of Mistake.**

A court of law has no jurisdiction to correct a mistake in a devise; the exercise of its power over devises being confined to the single issue of devisavit vel non, and relating wholly to legal titles under wills, or to matters in pais.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1676; Dec. Dig. § 698.\*]

**13. Wills (§ 698\*)—Construction — Equity — Grounds of Jurisdiction — "Court of Construction."**

The power of courts of equity over wills is referable to the want of jurisdiction of courts of law, but more particularly to their jurisdiction over mistakes, which they have jurisdiction to correct in some instances.

---

\*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

By a "court of construction," with reference to wills, a court of equity is intended.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1676; Dec. Dig. § 698.*]

14. WILLS (§ 698*) — CONSTRUCTION — GROUNDS OF JURISDICTION — TRUSTS — WILLS.

The powers of courts of equity to construe wills are referable more particularly to their jurisdiction over trusts, and where no trust is involved jurisdiction is generally to be declined; but for purposes of jurisdiction executors are regarded in equity as trustees.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1676; Dec. Dig. § 698.*]

15. WILLS (§ 440*)—MISTAKE IN WILL—CORRECTION.

A court of equity will in no case correct an erroneous supposition of the testator, if he knew the contents of his will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 956; Dec. Dig. § 440.*]

16. WILLS (§ 695*)—PROBATE—SURROGATE'S JURISDICTION.

Under Code Civ. Proc. § 2624, authorizing the surrogate to construe or determine the validity of a testamentary disposition of personal property, no trust or mistake need be involved in order to invoke such jurisdiction, and he may pass on the validity of legal, as well as equitable, titles derived under the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1665–1669; Dec. Dig. § 695.*]

17. WILLS (§ 487*)—PROBATE—CONSTRUCTION BY SURROGATE'S COURT—ORAL AND EXTRINSIC EVIDENCE.

Under Code Civ. Proc. § 2624, authorizing the surrogate to construe or determine the validity of a testamentary disposition of personal property, he may in a proper case consider oral or extrinsic evidence.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1023, 1026–1032; Dec. Dig. § 487.*]

18. WILLS (§ 698*)—PROBATE JURISDICTION—REJECTION OF PARTS OF WILL—STATUTE.

Code Civ. Proc. § 2624, which authorizes the surrogate to construe or determine the validity and effect of a testamentary disposition of personal property, does not authorize him to construe clauses out of the will on the ground of mistake; any such relief having reference to his power as a probate judge.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1676; Dec. Dig. § 698.*]

19. COURTS (§ 472*)—PROBATE JURISDICTION—EXCLUSIVE JURISDICTION.

The only remedy in cases of mistake on the face of a will is in a court of probate, and after such will is admitted to probate there is no remedy in any other court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1199–1224, 1247–1259; Dec. Dig. § 472.*]

20. WILLS (§ 220*)—PROBATE—OBJECTION TO PROBATE ON GROUND OF MISTAKE—TIME OF OBJECTION.

It is not too late for parties who have propounded a will to object to the probate of parts of the will on the ground of mistake.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 532–537; Dec. Dig. § 220.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**21. WILLS (§ 344*)—PROBATE—CORRECTION OF MISTAKE—FORM OF DECREE.**

Where a mistake in a will is such that it may be corrected by a court of probate, only that part of the will entitled to probate will be annexed to the decree of probate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 800, 801; Dec. Dig. § 344.*]

**22. WILLS (§ 440*)—PROBATE—CORRECTION OF MISTAKE AS TO LEGAL EFFECT.**

While mistakes of draftsmen or engrossers, or those induced by fraud, may possibly be corrected in the Surrogate's Court in a proper case, the mistake of a testatrix as to the legal effect or revocability of a trust conveyance cannot be corrected.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 956; Dec. Dig. § 440.*]

**23. COURTS (§ 98*)—SOURCES OF DECISION—CIVIL AND CANON LAW.**

It is only in case of an original question devoid of modern authority that the surrogate may resort to the principles of the civil or canon law.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 324; Dec. Dig. § 98.*]

Proceedings for the probate of the will of Henriette Swartz, deceased. Probate decreed as offered.

Phillips, Mahoney & Wagner, of New York City (Jeremiah T. Mahoney and Warren C. Fielding, both of New York City, of counsel), for petitioner.

Cardozo & Nathan, of New York City (Edgar J. Nathan and Raymond Rubenstein, both of New York City, of counsel), for respondent Lyon.

Simpson & Cardozo, of New York City (Benjamin N. Cardozo and Walter H. Pollak, both of New York City, of counsel), for respondent Eisenbach.

FOWLER, S. This is an appeal to the jurisdiction of the surrogate for relief against an alleged mistake on the part of the testatrix. It involves the whole scope of the surrogate's present jurisdiction in a proceeding for probate and construction. The arguments of counsel in this cause suggest to my mind important questions, the consideration of which can no longer be postponed or passed over by me. The arguments of counsel have been unusually thorough and profound.

[1, 2] Prima facie the script propounded as a will in this matter is, on the proofs of its execution, given under oath, entitled to probate. Factum of will, in other words, is established. This is conceded by all the counsel in the cause. But in a rather vague way, notwithstanding this attitude, the effect of a part of the will is sought to be rejected from probate. A mistake is alleged on the part of the testatrix, and this is made the basis of an opposition to the probate of the thirteenth and fourteenth clauses of the will propounded. This appeal is addressed to the powers of the surrogate sitting as a probate judge, and not to his power as a court of construction, under section 2624, Code of Civil Procedure.

[3] The powers of the surrogate as a court of probate are due primarily to the statute. Section 2472, Code of Civil Procedure. The

section is very general in phrase. It confers jurisdiction on the surrogate "to take the proofs of wills and to admit wills to probate." The statute does not define "proof of wills" or "probate," and such definition and the powers of the surrogate in probate matters are referable to the jurisprudence established in this state by the Constitution itself. Section 2481, subd. 11, Code of Civ. Pro. See Matter of Work, 76 Misc. Rep. 403, 405, 137 N. Y. Supp. 97; Matter of Connell, 75 Misc. Rep. 574, 578, 136 N. Y. Supp. 166; Matter of Carter, 74 Misc. Rep. 1, 6, 133 N. Y. Supp. 722; Matter of Meyer, 72 Misc. Rep. 566, 568, 131 N. Y. Supp. 27; but more particularly the authorities cited in these cases. Were these judicial powers not so defined, the surrogate's powers and procedure in proceedings for probate would be left much too vague. A surrogate was not intended in probate proceedings to be a law unto himself, but to proceed according to established precedents, and with reference to the general law imposed by the Constitution of the state. Campbell v. Logan, 2 Bradf. Sur. 90, 93; Martin v. Dry Dock, etc., R. R., 92 N. Y. 70, 74; Jones v. Hamersley, 4 Dem. Sur. 427; Matter of Carter, 74 Misc. Rep. 1, 7, 133 N. Y. Supp. 722; Dayton, Surrogate's Practice, 9; Redfield, Law and Practice in Surrogates' Courts, 26; Jessup, Surr. Pr. 5.

[4] Long prior to any statutes conferring on surrogates those powers incidental to courts of construction it was held by Surrogate Bradford that the surrogate as an incident of his probate jurisdiction had power to refuse probate to part of a will if fraud or mistake was established. Burger v. Hill, 1 Bradf. Sur. 360, confirmed by Hill v. Burger, 10 How. Prac. 264. This notable decision of this very learned probate judge has been much objected to in several states, while followed in others. Right or wrong, the decision in Hill v. Burger is binding on me.

[5] It may be remarked that such power is distinctly recognized in the law which is commonly taken as the exemplar of our own authority in cases of doubt and difficulty not settled by the law and practice of this state. Allen v. McPherson, 1 Ho. L. 191; Goods of Duane, 2 Swabey & Tristram, 590; Goods of Oswald, L. R. 3 P. & D. 162; Morrell v. Morrell, L. R. 7 P. D. 68, 1882; Plume v. Bedle, 1 P. Wms. 388; Billinghurst v. Vickers, 1 Phill. 187. Cases in the ecclesiastical courts of England, although decided since our independence of England, are still of some indirect authority here.

[6] The foreign law of probate, like the foreign law relating to notaries or to admiralty matters, stands on a different footing in this court from other foreign law, by reason of the similarity and universality of operation of probate law; probate being a proceeding in rem. Betts v. Jackson, 6 Wend. at page 177. It would be quite at variance with propriety for me to express my own opinion on the power of the surrogate to refuse probate to a part of a will, in view of the decision in Hill v. Burger, although I am free to say that I should never be inclined to stretch the jurisdiction of this court beyond the most well-defined limits. Matter of Meyer, 72 Misc. Rep. 566, 131 N. Y. Supp. 27. But within those limits I should be much more tenacious of my jurisdiction.

[7] A jurisdiction is not for the benefit of a judge, but a matter of public concern, which demands the greatest consideration, and for that reason only the surrogate should not be slow to assert and protect his jurisdiction.

[8] That a court of probate has no power incidental to its general probate jurisdiction to add words to a will, even if omitted by mistake, is often asserted. Theobald on Wills, 29; Mortimer, Probate Law, 103; 1 Jarman, Wills (6th Ed.) 486; Burger v. Hill, 1 Bradf. Sur. 374; Creely v. Ostrander, 3 Bradf. Sur. 107.

[9] While this is generally true, these statements all appear to have overlooked a decision to the contrary in White v. Barker (in the year 1771) 5 Burr. 2703. This case before the Revolution is binding here. Castell v. Tagg, 1 Curteis, 298, proceeds to the same point, and there are others to the same effect. A power to strike out of a will prima facie would seem to imply a correlative power to insert proper words sometimes omitted by mistake. But much depends on the statute of wills for the time being in force. In re Goods of Wilson, 2 Curteis, 853. But as this particular point is not now here, it need not be considered at this time.

The correction of the alleged mistake of this testator is not addressed to the jurisdiction committed to the surrogates of this state by section 2624, Code of Civil Procedure. It may be well, in passing, to consider the general scope and purport of that section. By reference to it, it will be perceived that it is only after a will is determined to be entitled to probate that the surrogate may sit as a court of construction.

[10] It is true that the factum of will may be formally adjudged by the same decree which construes the will so found entitled to probate, but the adjudications rendered in the separate spheres of jurisdiction are nevertheless distinct acts of the surrogate. Matter of Davis, 182 N. Y. at page 475, 75 N. E. 530. The validity, construction, or effect of any disposition contained in a will of a resident of this state, when entitled to probate, may now in a proper case be determined by the surrogate sitting as a court of construction, but not as a probate judge. Section 2624, Code Civ. Pro.

[11] The precise extent of jurisdiction of the surrogate as a court of construction is nowhere defined. Consequently we must look to the law of this state regulating similar jurisdictions. Betts v. Jackson, 6 Wend. at page 177; Matter of Carter, 74 Misc. Rep. 1, 7, 133 N. Y. Supp. 722; Matter of Matthews, 75 Misc. Rep. 449, 453, 136 N. Y. Supp. 636. The measure of the surrogate's jurisdiction as a court of construction will be found either in the jurisdiction of the courts invested with equitable powers, or that of the courts proceeding according to the course of the common law, or both.

[12] It cannot be maintained for an instant, I think, that a court of law ever entertained a jurisdiction to correct a mistake in a devise. The exercise of power of a court of law over devises was confined, whether in ejectment actions or otherwise, to the single issue of devisavit vel non. Common-law jurisdictions related wholly to legal titles under wills or to matters in pais. Mistakes were prima facie of

equitable cognizance only. As nothing is to be found in the constitution of courts of law, we must next resort to the law regulating the jurisdiction of courts vested with powers of construction over wills for the necessary limitations on the powers of the surrogates.

The extent and the exercise of the jurisdiction of the surrogate as a court of construction are controlled either by the new section 2624, Code of Civil Procedure, or by the decisions of our own state, or in the absence of such decision by the law imposed on us by constitutional limitation. So clear a proposition needs no citation of authority.

[13, 14] The power of courts of equity over wills is referable to the want of jurisdiction of courts of law, but more particularly to their jurisdiction over mistakes and trusts. For this purpose executors have been regarded in equity as trustees. Story, Eq. Jurisp. §§ 164, 1067. By a "court of construction" a court of equity is intended. Burger v. Hill, 1 Bradf. Sur. 372. In regard to mistakes in wills there is no doubt that courts of equity had jurisdiction to correct them in some instances to be hereafter noticed. 1 Jarman, Wills (4th Am. Ed.) note p. 359. But the power of equity, independent of statute, to construe wills, is referable to a jurisdiction over trusts, and where no trust is involved jurisdiction is generally to be declined. Dill v. Wisner, 88 N. Y. 153, 160; Matter of Keleman, 126 N. Y. 73, 26 N. E. 968; Matter of Mellen, 139 N. Y. 210, 217, 34 N. E. 925; McKinlay v. Van Dusen, 76 App. Div. 200, 78 N. Y. Supp. 377.

[15] A court of equity would in no case correct an erroneous supposition of the testator, if he knew the contents of his will. Burger v. Hill, 1 Bradf. Sur. 372; Walpole v. Cholmondeley, 7 T. R. 138 loc. cit.; Lord Walpole v. Lord Orford, 3 Ves. 42; Re Bywater, 18 Ch. D. 17. The earlier editions of Jarman on Wills review the English cases on this point, although the sixth edition omits them. 1 Jarman (4th Ed.) 353–359.

[16] The language of section 2624, Code Civil Procedure, invests the surrogate with a larger jurisdiction over the construction, validity, and effect of wills than that formerly possessed by courts of equity I have no doubt. Matter of Mount, 185 N. Y. 162, 167, 77 N. E. 999. No trust or mistake need be involved in order to invoke the jurisdiction granted to the surrogate, and he may now pass on the validity of legal as well as on equitable titles derived under the will before him. Matter of Mount. But this at bar is not a case of construction, but of probate law only.

[17] That the surrogate may, under section 2624, Code Civil Procedure, sometimes consider oral or extrinsic evidence in a proper case, in order to enable him to construe or determine the validity of a will, is, in my mind, not open to doubt, and I shall remain of this opinion until directly advised to the contrary by my superiors in the appellate courts. Unless the surrogate has power to consider extrinsic evidence in a proper case of construction falling under section 2624, the beneficial effect of that section will be nullified. The surrogate's jurisdiction of construction will in that event be confined to the single issue of validity or invalidity on the face of the testamentary scripts probated in the proceeding. He will be unable to consider an ambiguity

or uncertainty raised by extrinsic circumstances and removable in any other court of construction by extrinsic evidence. The few adjudicated cases bearing on this section cannot be taken to intend to restrict a jurisdiction so plainly conferred on the surrogate by the Legislature. Cf. Matter of Will of Keleman, 126 N. Y. 73, 26 N. E. 968; Morton Trust Co. v. Sands, 195 N. Y. 28, 87 N. E. 783. Such decisions do not cover the hypothetical case. The surrogate has all the powers fairly implied in the grant of jurisdiction.

[18] But the point here is that section 2624, Code Civil Procedure, is not an authority for the surrogate's jurisdiction to construe the offensive clauses out of the will. If any relief is to be granted by the surrogate, it must have reference to the power of the surrogate as a probate judge. In this view section 2624, C. C. P., becomes quite immaterial, and is outside of consideration in this matter now before me. This is not a case of construction, and construction is not properly invoked or involved. Jones v. Hamersley, 4 Dem. Sur. 437; Matter of Mount, 185 N. Y. 162, 167, 77 N. E. 999. It is possible that a court of equity may consider some form of relief for discrepancies apparent on the face of the will as proved, taking into just consideration the claims of those entitled also under the trust deeds. But such matters are not properly cognizable here (Milner v. Milner, 1 Ves. Sr. 106), and their consideration should not be volunteered.

[19] Formerly and at present the only remedy in cases of mistake on the face of a will is in a court of probate. 1 Jarman on Wills (6th Ed.) 493, and cases there cited; Burger v. Hill, 1 Bradf. Sur. 372, 373; Allen v. McPherson, 1 House of Lords, 191. If such will is admitted to probate, there is no remedy in any other court. Burger v. Hill, 1 Bradf. Sur. 373.

[20] While I think that the parties before me may have by the course hitherto taken virtually have put themselves out of court and technically assented to the probate of the script propounded, and in consequence I might be relieved from any further consideration of this matter, yet this is too technical. It is not too late for them, I think, to object to the probate of parts of this will by reason of the alleged mistake. I shall assume that this is their desire, and will now proceed to the consideration of the merits of this controversy. It may be assumed that it is discernible on the face of the will that the testatrix mistook the legal effect of the trust deeds referred to by her in the thirteenth clause of her will. Does that fact, if established, enable the surrogate to refuse probate to the tenth and fourteenth clauses of a will duly executed under such mistake? That is the only question in the cause.

[21] If the mistake is of that character which may be corrected by a court of probate, only that part of the will entitled to probate will be annexed to the decree of probate. Billinghurst v. Vickers, 1 Phill. 187; Wood v. Wood, 1 Phill. 357; In the Goods of Duane, 2 Sw. & Tr. 590; Burger v. Hill, 1 Bradf. Sur. 373; Creely v. Ostrander, 3 Bradf. Sur. 107; Strahan on Wills, 68; Matter of the Estate of Finn, 1 Misc. Rep. 280, 283, 22 N. Y. Supp. 1066. This is not a case of dependent relative revocation, and that doctrine in-

voked by counsel has no application. This is the case of an alleged mistake on the part of testatrix and its legal effect on probate alone.

[22] While I am bound to hold, in view of the decisions of this state already noticed, that there are some kinds of mistake on the part of testatrix, such as mistakes of draftsmen in preparing wills or of engrossers in the engrossment of the same, or mistakes induced by fraud on testators, which may possibly be corrected in this court in a proper case, yet the mistake of this testatrix concerning the legal effect or revocability of her trust conveyances is not such a mistake as can be corrected here. The same point is adjudged in England. In bonis Davy, 1 Sw. & T. 263; Guardhouse v. Blackburn, 1 P. & D. 109; Harter v. Harter, 3 P. & D. 11; Collins v. Elstone, [1893] P. 1; Beamish v. Beamish, [1894] 1 Ir. 7; Theobald on Wills, 719. The true principle applicable in this cause is, as I conceive, well stated in the sixth edition of Jarman on Wills, 486, and in this cause that passage has my approval:

"If, however, the testator knows the contents of his will, and erroneously supposes that it will not have the effect which the law gives it, the general rule applies, and evidence of his real intention is not admissible."

In other words, such a mistake as that here alleged is not the basis of a correction by a court of probate. The cases of established intention of testators to make wills other than those actually made are not to be mistaken for cases where testators have placed in their wills just what they intended, but with effects different from those which they intended. The latter class of mistakes are not remediable in a court of probate under the existing statute of wills. This case belongs to the latter class.

The principle of all the American and English adjudications bearing on the point before me has now been briefly considered. It remains to consider two remarkable instances cited from the Roman law in the very elaborate argument of the learned counsel for Mrs. Eisenbach.

[23] I may remark that there are many occasions in this court when it is held that the civil or canon law well serves to illustrate a derivative principle frequently applied in this court, or, in the total absence of modern authority, as a guide for this court. I referred to the authorities on this point in my judgment on the Will of Van Ness, 78 Misc. Rep. 592, 139 N. Y. Supp. 485. But I fear the instances now cited by the learned counsel in this matter are not within the limitations there stated. Let us examine them. In the Latin of counsel's argument, the first instance is taken from the De Oratore of Cicero (1, 38, 175) as follows:

"Pater credens filium suum esse mortuum alterum instituit hæredem; filio domun redeunte, hujus institutionis vis est nulla."

I do not find the exact quotation in the De Oratore. But the case is there mentioned in other words not materially different. On its face this case would appear to be addressed to a mistake of fact by a testator, and to be very much in point here, but it is not so.

Cicero, it will be observed, does not furnish us with the judgment in the case. The judgment is, however, given by Valerius Maximus (VII. 7, 1). The son in question was a soldier, and he succeeded in the case. By the merest chance I happened to have read in a late book a discussion on this very case or I should know little of it. Girard, Manuel de Droit Romain, 853 et seq. The case in Cicero did not turn at all on a mistake of fact on the part of testator, but on the law relating to the exherison of a son. At that time a son was a sort of joint proprietor with the father. It was a case of condominium, and unlawful for the father to disinherit a son. It was on that ground the judgment proceeded, and not on the ground of a mistake of fact of the testator.

The second instance cited to me by counsel is taken from the Digest (28, 5, 92). In the language of counsel for Mrs. Eisenbach this case is as follows:

"A striking case on revocation under a mistake is stated in the Digest. Lib. 28, tit. 5, 92. The testator named Pactumeja Magna as his sole beneficiary, and her father as substituted beneficiary after her. The father was put to death, and the report was that the daughter, too, had been killed. The testator then modified his will, explaining: 'Quia heredes quos volui habere, mihi continere non potui Novius Rufus esto.' As a matter of fact the daughter had not been executed and survived the testator. The inheritance was decreed to pass to her. The law as to wills was precisely the same as upon the point of revocation. Code, 6, 23, 5."

Whether this citation from the Digest also refers to the law relating to exheredatio I am not sufficiently learned to determine for myself, and I do not think it important here to take time to investigate the matter. There are some things, however, in this second case, mentioned in the Digest, which also point to the law relating to exherison. Justinian, or his adviser, Tribonian, in a decree (C. 6, 28, 4) placed daughters in the same position as sons. But if it were otherwise, in this matter and the case in point, I must go by the latter cases in our own courts or in their exemplar, as there is modern authority and the point is no longer open. This being so, the Roman law is in any event quite out of all consideration. It is only in the instance of original question devoid of modern authority that we may resort to the civil or canon law. Jenks' History English Law, 195; Matter of Youngs, 73 Misc. Rep. 335, 339, 132 N. Y. Supp. 689.

The proponents are entitled to a literal probate of the script propounded as the last will and testament of Mrs. Henriette Swartz. For the reasons fully stated, no construction is necessary or proper at this time in this court.

Decree accordingly.