Matter of the Petition of THOMAS MAGUIRE, to Prove the Last Will and Testament of CHRISTOPHER MC-CAFFREY, Deceased.

(Surrogate's Court, Kings County, December, **1918.**)

Wills — when part only admitted to probate — fraud and undue influence.

A part of a will may be refused probate on the ground of fraud or undue influence where it is clearly separable from other parts of the instrument not so tainted.

PROCEEDING upon the probate of a will. Motion for a new trial.

Surrogate's Court, Kings County, December, 1918.   [Vol. 105.

William F. Connell, for executor.

Frank E. Johnson, Jr. (Richards Mott Cahoone, of counsel), for contestant.

KETCHAM, S.   Upon a motion for a new trial in this proceeding, the following are the facts:

The jury found that the will was duly executed. Upon direction of the court, with the acquiescence of the contestant, they found that the testator was possessed of testamentary capacity.   At the opening of the trial it was conceded by the contestant that " it was the intention of the decedent to give and to leave to the persons and corporations named in the first five paragraphs of the will the gifts there designated."   The only provision of the will which was not embraced in this concession was the residuary gift to the proponent.   The question whether there was fraud or undue influence with respect to the residuary provision was answered in the affirmative, and the finding in this regard was the only subject of the motion for a new trial.

The verdict was deemed by the court to be contrary to the weight of evidence, and the decision was that a new trial would be granted, unless the court, upon consideration, with adequate briefs before it, should determine that the issue solely as to the residuary clause could not be tried.   The proponent, though repeatedly invited, has failed to submit a brief upon this question.

Reason and authority compel the conclusion that parts of a will may be admitted to probate, while another part is denied probate on the ground of either fraud or undue influence.

A will, the general contents of which are well known to the testator and which was duly executed by him, may be infected by fraud with respect to a single provision which, without his knowledge, has been dishonestly introduced into the instrument.

The exclusion from probate of such fraudulent provision may rest upon grounds more obvious than those leading to the exclusion of a provision which, though well known to the testator, was accepted by him in response to duress or other form of undue influence.

In case of undue influence addressed primarily to only a part of a will, there is room for the suggestion that the entire act of testation is affected while such suggestion is impossible in respect to the fraudulent introduction of a single paragraph into a will containing many paragraphs which the testator intelligently approves and adopts.

But the power and jurisdiction of a probate court to exclude the provision introduced by undue influence is necessarily asserted and supported by the cases which, by their facts, are limited to the denial of probate to such part of the will as was written therein without the knowledge of the testator.

That the court may refuse probate to any separable part of a will for any given cause is inevitable warrant for the like procedure in every case where, in the exercise of adequate caution, there appears ground for a finding that the testator's mind or act was affected by any abuse which, if exerted with respect to a whole will, would invalidate it entirely. That which may be done upon a finding of fraud or mistake by which a provision was written into a will without the knowledge of the testator may be done upon a finding of undue influence. Hence, all the cases which for any reason justify a disregard of a single feature of a will are plain authority for the proposition essential to this case that the residuary clause may alone be denied probate.

Every suggestion of righteousness and good sense makes for the avoidance of a portion of a will which for any reason is found not to have been within the actual purpose of the testator. There would be a fail-

ure of justice if the same considerations which would clearly require the entire denial of probate should bo helpless in the face of an equal wrong entirely limited to a single feature of the will.

The present case is an apt illustration. It is here claimed, though the evidence did not uphold the claim, that the testator without fraud or undue influence and with sufficient deliberation adopted five paragraphs of his will, but that with respect to the residuary clause thereof was subject to domination and abuse of his volition, sufficiently strong and well defined to have avoided the whole will if thereunto directed. If we concede the claim, how abhorrent would it be to withhold the redress sought! Of course, in order to deny probate to a part only of a will, it must clearly appear to be severable from the remaining provisions; but when a conceded and plainly marked wrong is disclosed, the law will not confess its inability to award adequate and appropriate redress. Cases which decide that a part only of a will may be denied probate for reasons other than undue influence are the following: *Burger* v. *Hill*, 1 Bradf. 360; *Hill* v. *Burger*, 10 How. Pr. 254; *Matter of Janes*, 87 Hun, 57; affd., without opinion, 152 N. Y. 647; *Riggs* v. *Palmer*, 115 id. 506; *Matter of Finn*, 1 Misc. Rep. 280.

In *Burger* v. *Hill, supra*, the fact was that without fraud or undue influence the testator by mistake had devised all his real estate to his mother and sisters under the conviction that certain leasehold premises were actually held by him as real estate. He had no real estate, and he gave to persons other than those to whom he made his attempted devise, all his personal property. Mr. Surrogate Bradford admitted the will to probate as a valid will of real and personal estate, except as to the leasehold premises, consoling his sense of justice by saying: " Under such a limited

probate, the testator's mother and sisters will take as next of kin, what they would have taken had the will conformed to his real intentions in that particular.''

It is notable that the surrogate cited in support of his decision that part of a will could be excised from the instrument in a probate decree upon the sole ground of mistake, cases where like relief was granted for incapacity, fraud or imposition. In this he clearly intimates that the principle under which a portion only of a will may be avoided in probate for any ground, is applicable to any case where other but equally influential ground appears.

In an action brought to annul the decree made in the case last cited '' so far as it purported to admit a certain portion of specific legacies to probate and rejected other portions of the same legacies from the probate of the will,'' the Supreme Court at Special Term approved the decree, with reasons expressed, although the decision was merely that the decree could not be reviewed collaterally. *Hill* v. *Burger, supra.*

In *Riggs* v. *Palmer, supra,* it is said, though in scant relation to the determination then reached, ''A will procured by fraud and deception, like any other instrument, may be decreed void and set aside, and so a particular portion of a will may be excluded from probate or held inoperative if induced by the fraud or undue influence of the person in whose favor it is. (*Allen* v. *M'Pherson*, 1 H. L. Cas. 191; *Harrison's Appeal*, 48 Conn. 202.)''

In *Matter of Finn, supra,* Mr. Surrogate Coffin laid down the rule, though not essential to his decision, that where mistake was made as to the naming of an executor, the will might still be admitted to probate without the provision introduced by mistake.

Cases in which it was expressly held that a portion only of a will could be disregarded in probate for fraud

Surrogate's Court, Kings County, December, 1918. [Vol. 105.

or undue influence exercised with the purpose and effect of inducing the testator to approve and adopt such portion of his will when it was well known to him are as follows: *Matter of Janes,* 87 Hun, 57; affd., without opinion, 152 N. Y. 647; *Matter of Welsh,* 1 Redf. 238.

In the *Janes Case, supra,* the proceeding was for a revocation of probate under the practice then existing. The will had been admitted to probate and was, therefore, made by one possessed of testamentary capacity. The only ground for revocation asserted was, that certain clauses of the will were procured by fraud and deceit practiced by the respondent in personating herself as a single woman, while as a matter of fact she was married. It is thus seen that the case was not one in which it was alleged that the clauses in question were dishonestly inserted in the instrument without knowledge of the testator but, on the contrary, that the clauses objected to were known to him to be contained in his will and that he was confessed to have had testamentary capacity. Clearly then the assault upon the will was based upon the theory that a portion of the will, which was duly recognized by the testator, was induced by fraud or undue influence. Upon appeal from the decree of the surrogate denying the application, Mr. Justice Cullen, for the General Term of this department, said: "We have no doubt that this proceeding will lie and that the petitioner, as legatee under the residuary clause, has sufficient interest to maintain the proceeding."

There then follows a deliberate consideration of the evidence, from which the conclusion was reached that the decree should be affirmed upon the facts.

It is obvious that the determination that the proceeding would lie was an adjudication essential to the result expressly holding that it was within the law, if the

facts were available, that a will could be admitted to probate in part while other parts were denied probate on the ground that such parts, though intelligently included in the testamentary purpose, were induced by fraud or other machinations, which unduly influenced the testator in adopting them.

*Matter of Welsh, supra,* was a typical case of undue influence which was alleged to have been exercised toward the introduction into a will of provisions known to and accepted by the testatrix and which did not affect other portions of the instrument. Mr. Surrogate Robertson, finding that certain portions of the will only were affected by undue influence, says: " It only remains to inquire if the whole will must stand or fall. If the question were *res integra,* both on the score of justice and policy, the power of sustaining part and rejecting part should be upheld;— of justice, because it would be hard that those who were voluntary and natural objects of bounty should suffer by the acts of another; of policy, because the fraudulent contriver might throw into the instrument probable gifts to color the transaction on one hand, and seal the mouths of witnesses on the other; but the law has been settled on this point long since. (Shelf. on Lun., 333; 2 Law Lib., 212.) Codicils, which are as much part of wills as if incorporated therein, and draw the will down to their date, as if then republished, are frequently rejected (*Crosbie* v. *MacDoual,* 4 Ves., 610; *Sherer* v. *Bishop,* 4 Bro., C. C., 55; *Brounker* v. *Brounker,* 7 Phil., 57), leaving the will to stand. In fact, courts of probate exercise complete control over the will, in case of fraudulent insertion in the testator's lifetime, or incapacity during the execution of part (*Billinghurst* v. *Vickers,* 1 Phil., 187; *Wood* v. *Wood,* Id., 357; *Trimlestown* v. *D'Alton,* 1 Dow. N. S., 85); and there is no possible reason for not exercising the same power

where part of the will may be supposed to be the result of undue influence.  If the jurisdiction is conceded, the reason for exercising it in one case is as strong as in the other.  I shall therefore admit to probate that part of the will which is free from imputation, being all except the residuary legacy and the appointment of Mr. Cox as executor.''

It may be incidentally emphasized that the learned surrogate relied upon cases of fraudulent insertion in the testator's lifetime or incapacity during the execution of part as authority for the partial rejection on the ground of undue influence, thus affording sanction for the like argument pursued in the earlier part of this opinion.  The case has been frequently cited with approval, and has never been questioned or criticized. *Matter of Baker,* 2 Redf. 179, 198; *Matter of Meyer,* 72 Misc. Rep. 566, 571; *Matter of Foley,* 76 id. 168, 175.

It appears in the report at page 247 that on appeal to the General Term the conclusion of the surrogate as to the facts which seem to him to require rejection of the questioned parts of the will, was not concurred in by the appellate court.  If the reporter's statement may be taken as correct, the General Term approved the legal proposition involved in the disposition of the case below, but in its application by themselves to the evidence, reached the finding that the particular provisions of the will were not induced by undue influence.

A careful search, in which this court has been cheerfully aided by the office of the county clerk of New York, shows that the General Term made an order reversing the decree of the surrogate denying probate to portions of the will and granting probate to the remainder.  No opinion or other manifestation of the process by which this order was reached can be found, except that it contains the following recital, ''And the parties to the said appeals waiving a feigned issue — It

is further by consent of said parties, ordered, adjudged and decreed, that the proceedings on the said appeals be remitted to the Surrogate of the County of New York," with certain directions consistent only with an absolute and final determination by the General Term.

At the time it was provided, with respect to appeals from the surrogate, that if a reversal be founded upon a question of fact (the Supreme Court) " should direct a feigned issue to be made up * * * and should direct the same to be tried." Had the judgment of reversal been on a question of law, the remittitur to the surrogate as an absolute determination would have been lawful and conventional without waiver and consent. That such waiver and consent were needed as a basis of such remittitur is an assurance that reversal was a disposition of a question of fact.

There is other cogent reason for accepting the reporter's note that the partial reversal was on a question of fact. The case was decided in 1849. The order on the appeal was made May 31, 1850. The report was published in 1864. The volume containing it opens with the introduction that " It is intended to include cases of value determined in the several Surrogates' Courts of this State, and also cases in the Supreme Court, and Court of Appeals, turning on questions of Probate-law purely, and which are of paramount value in this branch of the law, and that in the preparation of the present volume the editor has enjoyed the advantage of Judge Bradford's valuable co-operation." The cases reported run from 1847 to 1863.

It is remarkable that Mr. Surrogate Robertson, then chief justice of the Superior Court of New York, revised the opinion in advance of the publication. It is scarcely conceivable that these eminent gentlemen all concurred in the insertion of Judge Robertson's opinion among cases intended to be of paramount value,

if the only legal determination therein involved had for fourteen years stood overruled by reversal. Indeed, if the order of reversal had contained no intimation of the ground therefor, it would well be presumed that the appellate court dissented not from the statement by the court below of the proposition of law under which its judgment proceeded, but from the finding of fact reached in accordance with such proposition. Had the General Term not approved the declaration of the law, but had accepted the finding of undue influence, the inevitable result would have been the general rejection of the will.

It has not seemed profitable to discuss the decisions of the other states of the Union or of England. They are practically harmonious and the great current of authority seems in favor of the views herein expressed. *Billinghurst* v. *Vickers,* 1 Phill. 187; *Wood* v. *Wood,* Id. 357; *Barton* v. *Robins,* 3 id., note at p. 455; *Trimlestown* v. *D'Alton,* 1 Dow. & Clark, 85; *Hipplesley* v. *Homer,* T. & R. 48, n.; *Allen* v. *M'Pherson,* 1 H. L. 191; *Guillamore & O'Grady* v. *Jones,* 2 L. 210; *Haddock* v. *Trotman,* 1 Fost. & Fin. 31; *Plume* v. *Beale,* 1 P. Wms. 388; *Morrell* v. *Morrell,* L. R. 7 P. D. 68; *Goods of Duane,* 2 S. & Tr. 590; *Goods of Oswald,* L. R. 3 P. D. 162; *Rhodes* v. *Rhodes,* L. R. 7 App. Cas. 192; *Florey* v. *Florey,* 24 Ala. 248; *Lyons* v. *Campbell,* 88 id. 462; *Eastis* v. *Montgomery,* 93 id. 299; *Henry* v. *Hall,* 106 id. 84; *Councill* v. *Mayhew,* 172 id. 295; *Snodgrass* v. *Smith,* 42 Col. 60; *Harrison's Appeal,* 48 Conn. 202; *Rockwell's Appeal,* 54 id. 119; *Brooks' Appeal,* 68 id. 294; *Morris* v. *Stokes,* 21 Ga. 552; *Wormbacher* v. *Barthelme,* 194 Ill. 425; *Holmes* v. *Campbell College,* 87 Kan. 597; 41 L. R. A. (N. S.) 1126, and note; *Randolph* v. *Lampkin,* 90 Ky. 551; 10 L. R. A. 87, applying a statute permitting the procedure; *Hildreth* v. *Hildreth,* 153 Ky. 597; *Ogden* v. *Greenleaf,* 143 Mass. 349; *Old Col-*

*ony Trust Co.* v. *Bailey,* 202 id. 283; *Matter of Vander-veer,* 20 N. J. Eq. 463; *Sumner* v. *Staton,* 151 N. C. 198; 18 A. & E. Ann. Cases, 802; *Griffin's Estate,* 9 Penn. Dist. R. 248; *Steadman* v. *Steadman,* 10 Sadler (Pa.), 539; 14 Atl. Rep. 406. See note, 34 L. R. A. (N. S.) 973; note 31 Am. St. Rep. 691; Alexander's Commentaries on Wills, 42; Jarman Wills (6th Am. ed.), 49, 422; Page Wills, § 131; Rood Wills, §§ 170, 184; Redfield Wills (4th ed.), 519, § 20; Schouler Wills, Executors & Administrators (5th ed.), § 248; 40 Cyc. 1233.

This court is well persuaded that a part of a will may be rejected in the decree of probate on the ground of fraud or undue influence, where it is clearly severable from other parts not so tainted, and the motion for a new trial is granted.

Motion granted.