EDWARD F. HARRISON'S APPEAL FROM PROBATE.

Fraud or undue influence in procuring one legacy in a will does not invalidate other legacies not so procured.

Where the issue is as to the fact of undue influence in procuring a will, and it appears that the undue influence was confined to a single legacy in the will, the jury may find under that issue the will void as to that legacy and valid as to the others.

Reasons of appeal are not necessary to form an issue upon such a trial, but when filed they constitute a notice to the adverse party of the matter relied on.

A witness having testified to certain facts, was asked on cross-examination if he had not made a certain different statement to *A*, to which he replied that he had not. The adverse party afterwards called *A* as a witness, who testified that the former witness had said to him what he denied saying. The former witness was again called, and stated what he did say to *A*, and was going on to give the further conversation at the time on the same subject, when on objection of the adverse party the court ruled it out. Held that the party calling the witness was entitled to the whole conversation, so far as it related to the same subject.

APPEAL from the decree of a probate court approving the will of Edward Harrison, deceased; brought to the Superior Court in New Haven County, and tried to the jury before *Hitchcock, J.* The jury returned a verdict setting aside the will, and the appellees moved for a new trial for error in the rulings and charge of the court, and on the ground that the verdict was against the evidence. The case is sufficiently stated in the opinion.

*H. Stoddard*, in support of the motion.

*L. B. Morris* and *G. H. Watrous*, contra.

LOOMIS, J.   This appeal was from the decree of the New Haven probate court, approving the will of Edward Harrison, late of New Haven, deceased.

The testator was twice married.   The appellant is a son by the first wife.   The testator's last wife and his four children by her survive him ; and to them the will gives all his property, to be equally divided, subject however to a bequest to one Ann Naughton, a servant in the family, of an amount sufficient to make her share equal to each of the other shares.   To this Ann Naughton, the appellant attributes an undue influence over the testator in the making of his will, which rendered it invalid.

The verdict of the jury sustained the claim of the appellant and the entire will was set aside.   The question now comes before this court for review by the appellees' motion for a new trial, predicated on three grounds,—namely : that the verdict was against the evidence, and that the court erred in its instructions to the jury, and that its rulings as to the admissibility of evidence were erroneous.

The consideration of the first question is unnecessary, as the other grounds are sufficient to require the granting of a new trial.

The appellees requested the court to charge the jury— " that a will may be void in part and valid in part; that if the jury should find that the legacy given to Ann Naughton by the provisions of the will was obtained by her undue influence, then the legacy only would be void, and not the remaining provisions of the will, unless the jury should further find that the undue influence extended to the other provisions of the will." But the court refused so to charge, and on this point instructed the jury as follows : " It is true that a will may be void in part, and in all other respects be valid; but, as this case stands, the question of the partial validity of the will is not presented, and has not been tried. The executor and all the parties claiming under the will are made parties by service of order of notice to this appeal. All have appeared, and have been fully heard by evidence, on the question raised by the reasons. No specific question,

by way of reasons for the appeal, needed to be presented; but such reasons having been filed attacking the will as a whole, the evidence, on both sides, having been directed to that sole point, and the trial having proceeded throughout, up to the argument, solely on that question, the will, on such proceedings, must be sustained or be rejected as a whole."

That the request of the appellees embodies an accurate statement of the law is shown by many authorities. In *Trimlestown* v. *D'Alton et al.*, 1 Dow. & Clark, 85, it was held that "where an undue influence is exercised over the mind of a testator in making his will, the provisions in the will in favor of the person exercising that influence are void; but the will may be good as far as respects other parties; so that a will may be valid as to some parts and invalid as to others; may be good as to one party and bad as to another." So in *Florey's Executors* v. *Florey*, 24 Ala., 241, it was held that "fraud or undue influence in procuring one legacy does not invalidate other legacies which are the result of the free will of the testator, but if the fraud or undue influence affects the whole will, though exercised by one legatee only, the whole will is void." So in 1 Redfield on Wills (4th ed.), p. 519, § 20, it is said that "it is undoubtedly true that a will may be void in part and not in all its provisions; or it may be void as to one legatee and not as to others."

Further citations are quite unnecessary, if indeed any were required; for there was no controversy in the court below on this point. But the court, while acknowledging the law as claimed by the appellees, refused to allow them the benefit of it in the case on trial, upon the idea that the question as to the partial validity of the will was not in issue, and that it was too late to make the claim upon argument.

In this respect the court erred. The issue was as to the fact of undue influence, and also and necessarily as to its nature, effect and extent.

Even where the pleadings are of the most technical character the greater, of necessity, includes the less. A charge of murder involves manslaughter as well. In ejectment,

where the pleadings have sole reference to a specified tract of land as an entirety, any part within the boundaries may be recovered without the rest. So that, if tested by the strictest rules, the court was wrong. But the technical rules of pleading do not apply to issues on the trial of the validity of a will. Reasons of appeal are not necessary to form an issue, but when filed they constitute a notice to the adverse party of the matter relied upon. *St. Leger's Appeal from Probate*, 34 Conn., 434.

The interests of different legatees are by law separate and distinct. The widow and children had a clear right to have the jury pass upon the question, whether the will of the testator was not entirely free from undue influence as to them and their legacies, and whether the undue influence had anything to do with the exclusion of the appellant from a share in the estate. There was evidence tending to show that the undue influence, if any, might have begun and ended with Ann Naughton, which the jury ought to have been permitted to consider. The question as to the effect of the undue influence, as shown by the evidence, was properly made in the argument.

The remaining question relates to the admissibility of evidence. The motion presents the question as follows:—On the trial of the case the appellees called as a witness Pulaski Leeds, who testified to his frequent and almost daily intercourse with Mr. Harrison, the decedent, and his family, and that he had never seen any improper conduct, familiarity or act of intimacy between Mr. Harrison and Ann Naughton. And upon cross-examination by the appellant's counsel, he was asked if he had ever commented upon the way that Mr. Harrison lived with Ann, and in reply he said that he had not. To contradict him the appellant offered himself as a witness, and testified that in April, 1878, after his father's funeral, he went to see Leeds and talked with him, and that Leeds said: "We all have our suspicions of the position of Ann in the family, relative to Mr. Harrison, but it might be difficult to prove them." And in reply the appellees called Leeds, who testified that the appellant came to him and

asked him some questions to make up his case, and said he was going to appeal; and that he said to him; "You had better drop it, for while you may have your suspicions, it is a dreadfully hard thing to prove." The witness stated that he did not say that he had any suspicions. The witness was going on to state what further was said in that connection by the appellant at the same time and as a part of the same conversation and the next words that were uttered, when the appellant's counsel objected to his stating any more of the conversation; and the appellees claimed that they were entitled to have the witness state the whole conversation that occurred at that time in reference to that subject; and that they were certainly entitled to have the witness state whether anything was said as to the grounds of suspicion, and by whom they were held, especially as the appellant had testified that he did not ask Leeds what grounds he had for his suspicion. The court sustained the objection and refused to allow the witness to state the rest of the conversation, to explain the testimony which had been given, or for any purpose whatever.

If the assumption upon which the appellant's counsel based their objection to this testimony had been true, that the answer already given covered the entire ground and that the rest of the conversation was immaterial and irrelevant, the ruling of the court was clearly right. But the nature of the testimony excluded appears only from the statement in the record as to the offer. This shows that the additional testimony was not new matter, but a continuation of the same conversation, on the same subject, and directly connected with the assertions to which the cross-examination related. It might therefore have rendered it more clear that 'the sense and meaning of the words actually used by the witness were very different from those attributed to him and entirely consistent with his testimony in chief. For these reasons we think the evidence ought not to have been excluded. 1 Greenleaf's Evidence, § 467.

A new trial is advised.

In this opinion the other judges concurred.