JOHN T. MOONEY ET AL. *vs.* MARGARET E. MOONEY ET AL.

Third Judicial District, New Haven, January Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, JS.

Declarations of a decedent, objectionable as hearsay, are not admissible by force of General Statutes, § 705, in an action to which the decedent's personal representative is not a party and in the result of which the estate is not concerned.

Declarations made by a deceased grantor of real estate, subsequent to the execution of her deed to one of her three sons, tending to show that her intention in making it was to convey the land to him in trust for them all, and not for the sole benefit of the grantee, are not declarations against interest within the meaning of the rule upon that subject.

Nor are such declarations admissible as explaining the character of her possession as a claim of ownership, when it does not appear that she was in fact in possession of the premises at the time they were made.

Proof that the relations between the parties to a deed were those of mother and son, that the son was his mother's trusted adviser and the manager of her property, which was largely the result of his gifts, that she was in good measure dependent upon him for support, and reposed special trust and confidence in him, raises no legal presumption that the deed of her property to him was the product of his undue influence and coercion.

Argued January 22d—decided March 3d, 1908.

SUIT to obtain a conveyance of real estate and an accounting of the rents and profits thereof, brought to and tried by the Superior Court in Fairfield County, *Reed, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiffs. *No error.*

The essential allegations of the complaint are, in substance, as follows :—

1. December 13th, 1892, Ann Mooney was a widow, with three sons living, to wit: William J., John T., and Frank J. On that day she executed a quitclaim deed, absolute on its face, purporting to convey to her son Frank J. a lot of land, with a house thereon, on Calhoun Avenue, in Bridgeport, together with her household furniture then

in said house, also a lot of land in said Bridgeport on the corner of Maple and Hallett streets. Said deed was recorded October 4th, 1895. On September 23d, 1895, Ann Mooney died. In October, 1896, William J. Mooney died, intestate, leaving neither wife nor children. On August 18th, 1903, Frank J. Mooney, for valuable consideration, conveyed to John T. Mooney the Calhoun Avenue property. On February 22d, 1905, Frank J. Mooney (said Maple Street lot then standing in his name) died, leaving the defendant Margaret E. Mooney his sole legatee and executrix. On August 16th, 1905, the plaintiff William H. Comley, Jr., was appointed administrator of the estate of William J. Mooney. On February 17th, 1906, the plaintiffs demanded of the defendant, individually and as executrix, that she execute a deed (then tendered to her) of two thirds of the Maple Street lot and deliver the same to them, which she refused to do. The answer admitted the foregoing allegations.

2. On December 13th, 1892, Ann Mooney expressed to her son Frank J. her desire so to dispose of her property that her three sons, in the event of her death, might equally share therein ; and thereupon she executed the said deed of that date, in pursuance of the advice of Frank J. and of his promise to divide said property, and the income thereof, equally with his two brothers. Frank J. gave said advice and promise fraudulently, in order to possess himself of the absolute ownership of said property. Ann Mooney executed said deed for the purpose of accomplishing her said desire, having special trust and confidence in said Frank J., relying on his said promise, and believing it to be true. These allegations were denied by the answer.

The prayer for relief asked, by way of equitable relief, first, a conveyance by the defendant, to each of the plaintiffs, of an undivided one third interest in said Maple Street lot, and that defendant account for the income thereof since October 4th, 1895 ; and second, for $10,000 damages.

Upon the issues of fact presented by the allegations of the complaint which were denied by the answer, the court found as follows: " Said conveyance from Ann Mooney to Frank J. Mooney was not procured by the fraud of said Frank J. Mooney, nor by virtue of any agreement or representations as to his use or disposition of said property."

The finding for appeal, made in pursuance of plaintiffs' request for the purpose of presenting certain questions of law claimed to have been decided adversely to them, discloses the following facts found by the court: On December 13th, 1892, Ann Mooney was, and for some time before that date had been, in impaired health, but of sound mind. Her husband and her eldest son, Christopher A., died in 1890. For a considerable time before the date of Christopher's death, he and Frank J. had practically supported the household; the father contributing but little to their support. William J.—the son—was until his death dissipated and indolent, and contributed nothing to the family support; the plaintiff John T. made his home with his mother until the day before her death, but aside from paying an inconsiderable sum for his board during a short time prior thereto, contributed nothing toward the support of the household. The Calhoun Avenue lot and house was deeded to Ann Mooney in 1885. She had no funds nor income of any kind. The purchase was arranged for her by Christopher and Frank, who made the payments on the purchase price and paid the interest on the mortgage, and the house was largely furnished at the joint expense of Christopher and Frank. At Christopher's death in 1890 he left a will bequeathing all his estate to his mother; this will was not admitted to probate, because attested by only two witnesses. Thereupon Frank prevailed upon William and John to join him in a release to their mother of all their distributive shares in Christopher's estate. Said Maple Street lot, of the value of $600 and subject to a mortgage for $300, was a part of this estate and became vested in Ann Mooney. The estate was not carried to final settlement, and it does not appear what net amount, over the

debts, was realized.   On December 13th, 1892, Ann Mooney, of her own free will and without being induced so to do by any agreements or representations by Frank concerning the same, executed and delivered to him a deed of the Calhoun Avenue homestead, with its furnishings, and also of said Maple Street lot.   This deed was intended by Ann as a gift of said property, and was conveyed to Frank in recognition of his long continued care and support of her and of his services to her; it was prepared by an attorney of her own choosing.   The execution and delivery of said deed to Frank was with the knowledge, at the time, of his brothers, William and John.   Thereafter Ann and her three sons continued to live in said Calhoun Avenue house, and the household was for the most part maintained by Frank, as before, until the death of his mother.   William continued to be a burden to his mother and to Frank until his death in October, 1896.   In 1894 Frank paid the balance due upon the mortgage on the homestead, the interest upon which he had paid since Christopher's death, and in 1903 Frank sold and conveyed the homestead to his brother John (the plaintiff) for $2,500; this consideration, which was much less than the reasonable value of the lot, was fixed by Frank in part from a desire to aid John, and in part because of the release of interest in Christopher's estate, which John had, at Frank's request, executed in favor of his mother, and of the assurance which Frank had made to John, subsequent to said release, that he would see him rewarded for such surrender of his interest to his mother.

In 1893 Frank improved the Maple Street lot by the construction of a building for stores and tenements, at a cost to him of $5,000 to $7,000, and thereafter collected the rents therefrom, and after the death of Ann Mooney continued in possession of said Maple Street lot until his own death in 1905.

The alleged errors are : (1) certain rulings upon evidence; (2) overruling the plaintiffs' claim of law that upon the facts found they were entitled to the relief asked;

and (3) overruling the plaintiffs' claim of law as to the burden of proof.

*Carl Foster*, with whom was *Henry E. Shannon*, for the appellants (plaintiffs).

*Stiles Judson* and *Robert E. DeForest*, for the appellees (defendants).

HAMERSLEY, J.   The subordinate facts found by the court establish beyond question the fact that Ann Mooney conveyed to Frank J. Mooney the land in controversy, of her own free will and unaccompanied by any trust in favor of his brothers, whether this conclusion be treated as one of fact or of law.   The plaintiffs' claim, therefore, that the court erred in ruling that the plaintiffs were not entitled to a conveyance by the defendants of an undivided two thirds of this land, with an accounting for the income thereof, is obviously not entitled to consideration.

Upon the trial the plaintiffs produced as witnesses the plaintiff John T. Mooney and others, and offered to prove by them declarations of Ann Mooney, claimed to have been made by her subsequent to the execution of her deed of December 13th, 1892, tending to show that her intention in executing the deed was to convey the land in question to Frank upon the trusts alleged in the complaint, and not absolutely.   Such evidence was excluded by the court, and the plaintiffs assign this action as error.

The evidence was purely hearsay, and did not come within the operation of § 705 of the General Statutes, which provides that in actions by or against the representatives of deceased persons, the declarations of the deceased, relevant to the matter in issue, may be received as evidence.

The representatives of Ann Mooney were not parties to the action, and the estate of Ann Mooney was not concerned with the result.   The sole subject of contention was an alleged equitable claim in behalf of the plaintiffs against the estate of Frank J. Mooney, adverse to the claims of his devisee.

The plaintiffs further urged the admissibility of the evidence, on the grounds that the declarations, or some of them, were made by Mrs. Mooney as owner and possessor of the land and against her interest; that the declarations were those of one in possession of land, explanatory of the character of the possession and of the claim of ownership; that the act of conveying the land was one continuous act from December 13th, 1892, when the deed was executed, to a short time before Mrs. Mooney's death on September 23d, 1895, when the deed was delivered, during all which time Mrs. Mooney was in possession of the land, and so the declarations were a part of the *res gestæ.*

The rule as to declarations against interest clearly had no application to this case, and the trial court held that it did not in fact appear that the deed was not delivered on December 13th, 1892, and did not appear that Mrs. Mooney was in possession of the land after that date; and excluded the declarations.

There was no error in this. We cannot say, from an inspection of the extracts from the rulings and evidence before us, that the court was not justified in holding that at the time these declarations were offered the facts claimed as to possession and delivery of deed had not been shown. It did appear during the trial, and the court found, that the deed was executed and delivered on December 13th, 1892.

In the course of the trial the fact that a portion of the family expenses during Mrs. Mooney's life had been defrayed by Frank J. Mooney, became a relevant fact. The defendant Margaret E. Mooney, wife of Frank J. Mooney, being called as a witness for the defendants, testified to her husband's declaration of how much of the living expense of the family he had defrayed.

The court properly overruled the plaintiffs' objection to this testimony; it was plainly within the provisions of § 705. The witness was then asked: "What did he say, if anything, about the contributions of the other sons?" The plaintiffs objected to the question, because if any contri-

butions were made by the other sons they would naturally
be made to the mother, and it must appear, before Frank's
declarations could be admitted, that he had seen these con-
tributions made.    The court said that if the witness testi-
fies that her husband told her as to the amounts contributed
by the others, it would be taken as a matter of fact that he
was talking within his knowledge, unless it appeared other-
wise, and that it might be that the contributions were paid
to him ; and overruled the objection.

It does not appear what answer, if any, was made by the
witness to this question.    It is sufficient that it does not
appear how the plaintiffs could have been harmed by this
ruling.    Evidence that the other sons had contributed to
the living expenses was favorable rather than harmful to
the plaintiffs.

Upon the trial the plaintiffs claimed that " upon the
uncontradicted testimony before the court establishing
fiduciary relations between Frank J. Mooney and Ann
Mooney, the burden of proof was on the defendants to
establish the fairness of the transaction, and that it did
not proceed from undue influence."

The court properly overruled this claim.    In so far as it
may be regarded as one of fact, the court has found that
the relations between them were those of mother and son ;
that he was the confidential adviser of his mother, who was
dependent largely upon him for support ; that he was the
manager of her property, which was largely the result of
his gifts, and one in whom she reposed special trust and
confidence.    The proof of such relations raised no legal
presumption of undue influence and unfairness in the
transaction between the mother and son.    It is sufficient
to refer to the discussion of this subject in *Lockwood* v.
*Lockwood*, *post*, 513, 69 Atl. 8.

But it is immaterial in this case, whether the court ruled
correctly upon the plaintiffs' claim of burden of proof or
not.    It plainly appears from the whole record that the de-
fendants did undertake to establish affirmatively the fair-
ness of the transaction between Frank and his mother, and

Griswold v. Branford.

that upon the whole evidence the court was fully satisfied of the fairness of the transaction, and that Ann Mooney executed and delivered the deed to Frank of her own free will, and expressed therein her own wishes uninfluenced by any fraud.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.