WILLIAM B. KIRBY ET ALS. APPEAL FROM PROBATE
(WILLIAM B. KIRBY ET ALS. *vs.* CATHERINE A.
MATTHEWS, TRINITY EPISCOPAL CHURCH ET ALS.).

Third Judicial District, New Haven, June Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Proof of the existence of a relation of special confidence and trust be-
tween the testator and the principal beneficiary of his will who is
not an heir or near relative, gives rise to a prima facie presumption
that the will was the result of undue influence exercised by such
beneficiary, whether he participated in the execution of the will or
not; and therefore, when such relation is established, the burden of
proof shifts to the beneficiary or legatee, and he is then obliged to
disprove that he exercised the undue influence alleged.

This presumption may be strengthened, or weakened and overcome,
according to the circumstances developed by the evidence in each
particular case. If the beneficiary was present at the execution of
the will and took part in procuring its provisions, that would be a
circumstance tending to strengthen the presumption; while the fact
that there was no opportunity for familiar and secret communica-
tion and intercourse between the beneficiary and the testator at or
about the time the will was made, would naturally tend to weaken
the presumption that undue influence was in fact exerted, not-
withstanding the existence of the relation. The presumption,
however, arises solely because of the relation, and in the absence
of countervailing evidence is enough to decide the issue against
the beneficiary.

Argued June 14th—decided July 27th, 1916.

APPEAL by the plaintiffs from a decree of the Court
of Probate for the district of Branford approving and
admitting to probate a written instrument as the last
will and testament of Sophia M. Rogers of Branford,
deceased, taken to the Superior Court in New Haven
County and tried to the jury before *Burpee, J.;* verdict
and judgment for the defendants, sustaining the will,
and appeal by the plaintiffs. *Error and new trial
ordered.*

*Edmund Zacher* and *Edward H. Rogers*, for the appellants (plaintiffs).

*Charles S. Hamilton*, with whom was *Stanton Higgins*, for the appellees (defendants).

THAYER, J. The plaintiffs appeal from the probate of the will of Mrs. Rogers, upon the ground that at the time she executed the will she was incompetent to make one, and that she was induced to make it by the undue influence of the defendant Catherine Agnes Matthews, who received under it the life use of the greater part of the estate and was made executrix of the will. It was conceded upon the trial that the testatrix was competent to make the will, so that the questions raised by the appeal to this court relate only to the question of undue influence.

There are numerous reasons of appeal, some alleging error in failing to charge as requested and some alleging error in the charge as given. It is not necessary to consider each of the alleged errors in detail. Only one question which has been discussed before us is raised by them, and that relates to the question of the shifting of the burden of proof where a plaintiff has alleged undue influence in the procuring of a testamentary provision. The jury were correctly told that in such cases the burden of proving undue influence is ordinarily upon the plaintiff who alleges it, but that it may, under certain circumstances, be shifted, and that it is shifted whenever the person who draws the will or takes part in procuring its provisions from the testatrix, also occupies a relation of special confidence toward the testatrix and at the same time is specially benefited by the terms of the will, not being a natural object of her bounty. This was a substantial compliance with one of the requests of the plaintiffs, who claimed to

have proved that a relation of special confidence existed between the testatrix and the proponent of the will, that the latter was not a natural object of the testatrix's bounty, that she took part in procuring the will to be drawn and was specially benefited by its provisions. But the plaintiffs claimed further, that if they had not established the fact that the proponent of the will took part in procuring the testatrix to execute it, but had established the other claimed facts, the burden of proof on the question of undue influence shifted, and that the jury must be satisfied by a preponderance of the evidence that the proponent did not procure the provisions of the will in her favor by undue influence, or the issue upon the question of undue influence should be found in favor of the plaintiffs upon the prima facie presumption that such influence had been exercised.

The court did not charge in accordance with this claim, but, after charging that a relation of special confidence may grow out of business and other relations between a testatrix and a legatee, charged that the burden of proof shifts only when the beneficiary or person holding the confidential relation takes part in the preparation of the will or in procuring it from the testatrix in the terms and provisions in which it appears, and that existence of the confidential relation between the testatrix and beneficiary was not enough in itself to shift the burden of proof, but that there must be some participation by the party benefited in procuring the will. This, in substance, was again stated later in the charge, and the jury were told it would be for them "to determine who had got to prove the undue influence," and that "it makes considerable difference in the result."

It is apparent that in many cases it would make considerable difference whether the burden is shifted from the party alleging the undue influence to the party who

denies it, and leaves the latter to support the negative by a preponderance of the evidence. But the rule that the burden is thus shifted when a relation of special confidence is shown has been established in this State, at least since the case of *St. Leger's Appeal*, 34 Conn. 434. In *Lockwood* v. *Lockwood*, 80 Conn. 513, 522, 69 Atl. 8, we speak of this shifting of the burden of proof in trials upon the probate of wills, as an exception to the operation of the maxim that the obligation rests upon him who affirms a proposition to satisfy the jury by a clear preponderance of the whole evidence that his proposition is true. We there recognize the existence of the exception, call attention to the rule of policy which justifies it, and say that the exception should not be extended beyond the limitations placed upon it in its recognition. The limitations referred to are such relations existing between the testatrix and the legatee as denote special confidence and controlling influence, such as are shown where the legatee is the lawyer who draws the will and advises as to its provisions, or a guardian who has charge of the person and estate of the testatrix, and in like cases of confidence and trust. The prima facie presumption of undue influence arises out of the relation of special confidence and trust, whether the person benefited actually took part in the execution of the will or not. If the beneficiary actually took part in procuring the will, that fact is proper for the jury to consider as strengthening the presumption, just as the fact that there was no opportunity for familiar and secret communication and intercourse between the testatrix and beneficiary at or about the time the will·was made, should be considered as tending to weaken the presumption of undue influence, although the jury might be satisfied that there existed a relation of special confidence between the parties. *Richmond's Appeal*, 59 Conn. 226, 246, 22 Atl. 82.

Ordinarily a relation of special confidence and trust, such as would indicate control or dictation on the part of a legatee, cannot be shown without many of the circumstances surrounding the parties appearing in evidence, and these in themselves may be such as to overcome the presumption that the confidential relation was abused, without rebutting evidence being offered by the legatee or proponent of the will. If the evidence shows that such relation existed between the parties, the legatee not being a relative who would be an heir in the absence of a will, the presumption of undue influence arises, and will decide the issue against such legatee unless the jury believe that a preponderance of all the evidence (that of the plaintiff as well as that of the defendant) and the inferences drawn therefrom, show that the legacy was not obtained through undue influence.

The instruction that the plaintiffs were bound to prove not only that a relation of special confidence existed between the testatrix and the proponent of the will, but that the latter took part in procuring the will, before the prima facie presumption of undue influence arose and the burden of proof shifted, was erroneous and harmful to the plaintiffs, and there should be a new trial.

The appeal for refusal to set aside the verdict as against the evidence is without merit. It is only claimed to have been erroneous in case the charge as to the burden of proof was wrong. We are satisfied that there was evidence to support the verdict although the burden was upon the appellee to show that the will and her legacy were not procured by her undue influence.

There is error and a new trial is ordered.

In this opinion the other judges concurred.