CHARLES A. GAGER ET AL. vs. EARL MATHEWSON, EXECUTOR.

Second Judicial District, Norwich, April Term, 1919.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

There is no presumption of law that a legacy was obtained by undue influence merely because the legatee enjoyed the trust and confidence of the testator. It is only where the beneficiary is a religious, professional, or business adviser, or occupies a closely analogous position of trust, that he can be called upon to show that he has not abused his fiduciary obligation.

The evidence in the present case reviewed and *held* sufficient to justify a conclusion that the testator lacked testamentary capacity when he made his will.

Argued April 29th—decided June 11th, 1919.

APPEAL by the plaintiffs from a decree of the Court of Probate for the district of Bozrah, approving and

admitting to probate a certain written instrument as the last will and codicil of Nathan Johnson of Bozrah, deceased, taken to the Superior Court in New London County and tried to the jury before *Warner, J.;* verdict for the plaintiffs against the validity of the will, which the trial court, upon motion of the defendant set aside as against the evidence, and from this action the plaintiffs appealed.

The defendant appellee also filed a bill of exceptions which was heard in connection with the questions raised by the appeal. *Error and new trial granted on appellee's bill of exceptions.*

Nathan Johnson of the town of Bozrah died April 17th, 1917, aged 66, leaving a will executed January 8th, 1917, and a codicil executed April 12th, 1917. His nearest relatives were two first cousins older than himself. For two years before his death he had lived in the house of John S. and Lucy Sullivan, his wife. Lucy Sullivan had lived with the testator's mother for eight or nine years, and the testator had always been on very friendly terms with her. During the last two years of his life she took care of him. His estate inventoried over $216,000, and, excluding three smaller gifts which are not in dispute, was distributed by the will as follows: to Mary L. Spencer, of Rochester, New York, a second cousin of the deceased, $50,000; to Mrs. Lucy Sullivan, $50,000; and the remainder of the estate to Charles W. Comstock and James J. Donahue as trustees, the income to be applied to the benefit of the Backus Hospital of Norwich.

The case was tried to the jury on the issues of lack of testamentary capacity, and of undue influence on the part of the Sullivans and of Messrs. Comstock and Donahue. The jury returned a general verdict finding that the paper in question was not the will of the testator. On motion the verdict for the contestants

was set aside. From the decision of the court setting aside the verdict the contestants appealed, and the appellees have filed a bill of exceptions for alleged errors in the charge of the court.

*William H. Shields* and *Arthur M. Brown,* for the appellants (plaintiffs).

*Christopher L. Avery* and *Lee R. Robbins,* for the appellee (defendant).

BEACH, J. There was testimony from which the jury might reasonably have found that the testator did not possess testamentary capacity when the will was executed. That testimony may be summed up briefly as follows: The testator was in the habit of taking narcotics to excess. The disease of which he died was a progressive disease which in its normal development would affect his mind. On many separate occasions he conducted himself irrationally, sometimes in such a way as to suggest that he was under the influence of narcotics, and sometimes in ways not easily explicable on that theory. He appeared at times to be ignorant of the fact that he possessed a large estate. In February, 1917, he resigned as administrator of his brother's estate, of which he was the sole heir at law, and requested that another administrator be appointed in his place, although nothing remained for him to do except to transfer to himself a savings-bank deposit of $10,000 and to render a final account. He attempted to commit suicide. Mary L. Spencer, to whom he left $50,000, died some weeks before the will was made and nearly five months before the codicil. Six witnesses testified that from their knowledge and observation they regarded him as of unsound mind. Two physicians of standing gave their opinion to the same effect.

And one of the witnesses to a will executed on January 6th, 1917,—two days before the execution of the will in question,—told Mr. Comstock, within an hour after its execution, that he did not think from the testator's appearance that he was capable of making a will. If the jury believed all this testimony and believed that it outweighed the testimony of the proponent's witnesses and experts, they might reasonably have reached the verdict which they rendered.

But this is not the only question before us. The statute (General Statutes, § 5841) regulating appeals from the decision of a trial court setting aside a verdict, provides that the appellee may file his bill of exceptions, that this court shall consider the questions arising thereon, and that, if material error appears, this court "shall not order judgment to be entered on the verdict, but in lieu thereof shall order a new trial of the cause." We find but one material error pointed out in the bill of exceptions, and that relates to the following portion of the charge: "The appellants further claim, and some evidence has been offered to establish, that a confidential relationship existed between Lucy Sullivan and the decedent, arising from the fact that she was for a long time a member of his mother's household and treated by him as a member of the family and as a sister, from his frequent visits to her house and frequent tarries there and finally going there to make his home, in March, 1915, and remaining there until his death in April, 1917, and from his entrusting her on numerous occasions with his checks, aggregating hundreds of dollars, to deposit in one of the banks for him, and also that she made various purchases, including clothing, for him. And the appellants claim, therefore, that she did occupy a position of peculiar confidence and intimacy with Dr. Johnson, such as would give her a controlling influence over him and his affairs and

would put her in the same category or class as an attorney or guardian deriving a benefit from his will, which would raise some presumption that she exercised her influence unduly, and that the burden would rest upon her to disprove such influence by a fair preponderance of evidence. But it is for you to determine, gentlemen. If you believe from the evidence adduced before you that she did occupy any such confidential relationship, then it would be her duty to rebut by a fair preponderance of testimony that she did not improperly or unduly use that relationship for her own benefit."

The facts outlined in this portion of the charge are wholly inadequate to support any claim that such a relationship existed between Lucy Sullivan and the testator as would put her in that limited class of benefits who are required to disprove undue influence. In *Lockwood* v. *Lockwood*, 80 Conn. 513, 522, 69 Atl. 8, we said: "This exception should not be extended beyond the limitations placed upon it in its recognition. Its justification is to be found in a rule of policy which seeks to prevent the unseemly sight of a stranger occupying such a delicate fiduciary relation, advising a testator to exclude his own family from participation in his estate for the benefit of the adviser." And in *Kirby's Appeal*, 91 Conn. 40, 43, 98 Atl. 349, it is said: "The limitations referred to [in *Lockwood* v. *Lockwood*] are such relations existing between the testatrix and the legatee as denote special confidence and controlling influence, such as are shown where the legatee is the lawyer who draws the will and advises as to its provisions, or a guardian who has charge of the person and estate of the testatrix, and in like cases of confidence and trust."

Religious advisers, guardians, attorneys and physicians are, by virtue of their profession or occupation,

advisers in their respective fields, and when selected for that purpose by the testator they are assumed to have especial opportunities for influencing the disposition of his property by will. They also occupy a fiduciary relation to the testator which requires them to use their influence in his service and not in their own. The class is distinct in its type, and if others than those enumerated are brought into it, it will be because they occupy, in the language of *Lockwood* v. *Lockwood,* "a clearly analogous position of trust."

We think the charge of the court disregarded the limited application of this exception to the general rule of procedure, and left the jury to infer that the mere fact of a relation of peculiar confidence and intimacy, although purely personal, would put upon Lucy Sullivan the burden of disproving undue influence, if the jury thought she possessed a controlling influence over the testator. That is not the law. Other things being equal, it is of course true in the case of any person that his opportunity to influence a testator's disposition of his property is proportionate to the extent to which he enjoys the testator's trust, confidence and affection. But the law does not brand every legacy as prima facie fraudulent simply because the legatee enjoys the trust and confidence of the testator. That fact will have its effect in every contest where the issue of undue influence is litigated, according to the circumstances of each case. But it is only where the beneficiary is, or has acquired the position of, a religious, professional or business adviser, or a position closely analogous thereto, that the rule of public policy can be invoked which requires such a beneficiary to show that he has not abused his fiduciary obligation.

It is impossible for us to say that the error pointed out was not material. The verdict was general and may have turned upon the question whether the burden

of proof on the issue of undue influence was upon the proponents instead of upon the contestants.

There is error and a new trial is ordered.

In this opinion the other judges concurred.