## MARY DOWNEY *vs.* ANNIE GUILFOILE, EXECUTRIX, ET ALS.

Third Judicial District, New Haven, June Term, 1919.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

While the exercise of undue influence over a testator may be shown by circumstantial evidence, the circumstances must be such as to lead fairly and convincingly to that conclusion.

The mere fact that the principal legatee was a niece of the testator with whom he had been living for about six months before his death, does not create such a relation of special trust and confidence as to give rise to the presumption that the will was obtained by her by the exercise of undue influence. To create that presumption and cast upon the legatee the burden of disproving undue influence, it must appear that the legatee stood in a professional or business relation to the testator with obligations of a fiduciary character.

The evidence in the present case reviewed, and the action of the trial court, in directing a verdict in favor of the proponents of the will, upheld.

Argued June 3d—decided July 16th, 1919.

APPEAL by the plaintiff from an order and decree of the Court of Probate for the district of Waterbury approving and admitting to probate a certain writing as the last will of Thomas O'Neill of Waterbury, deceased, taken to the Superior Court in New Haven County and tried to the jury before *Keeler, J.;* the court directed a verdict for the defendants, which was duly rendered, and from the judgment thereon the plaintiff appealed. *No error.*

*William E. Thoms* and *Frank P. McEvoy,* for the appellant (plaintiff).

*Charles S. Hamilton* and *James E. McKnight,* for the appellees (defendants).

BEACH, J.   The will was contested on the ground of undue influence, and the only question before us is whether the court erred in directing a verdict in favor of the proponents at the close of the contestant's case.

On examination of the record we are satisfied that no error was committed.   As the trial court observed, opportunity for the exercise of undue influence was proven, but there was no evidence that Annie Guilfoile, the executrix and residuary legatee, or her husband, either had or exercised any dominating influence over the testator, who appears to have had a strong will of his own.   It is conceded that no direct evidence of undue influence was adduced, and none was necessary, provided the foundation was laid for a reasonable inference that the will was not such as the testator would have made, if left entirely to his own discretion, and that his free agency and independence had been overcome, so that he was constrained to do what he was unable to refuse and too weak to resist.   *St. Leger's Appeal*, 34 Conn. 434, 442.   On the other hand, the rule which dispenses with the necessity of direct proof of undue influence, does not relieve the contestant from the burden of laying a "safe foundation of material facts proven, and inferences which fairly and convincingly lead to that conclusion."   *Hills* v. *Hart*, 88 Conn. 394, 397, 91 Atl. 257.

This testator was ninety years old and the will was executed about two months before his death.   No mental weakness is testified to, and the evidence leaves the impression that up to the day of his death his mind was singularly clear and decided for so old a man.   The contestant was his only daughter and sole heir at law. The executrix was his niece, in whose home he had been living for about six months before his death.   Both of these women were married, and there is nothing to show that they were not otherwise fairly well provided

for. The will left sums of money amounting to $4,000 to the contestant's children, $500 in value to the contestant, and the residue of about $7,500 to the executrix. There was some evidence that the executrix had made a certain false and spiteful remark to the testator about the contestant and one of her children, but it appears that these had been contradicted and that the testator had been fully informed as to the facts before the will was executed. There was also evidence that the executrix had borrowed money from the testator, but he charged and collected interest, and according to the testimony it appears that he was able to refuse repeated requests for further advances.

The contestant's brief relies chiefly on two points: the alleged unnatural provision of the will, and the claim that there was evidence from which the jury might have found that a relation of special trust and confidence existed between the testator and Annie Guilfoile, such as would put the burden of disproving undue influence upon the proponent of the will.

In the first place, the will may be explained so far as it needs explanation by the fact that about six months before the testator's death the contestant, with her husband and children, moved out of her father's house against his wish and for reasons which he deemed insufficient. At any rate, the will is not so unnatural as to justify an otherwise unsupported inference that it does not express the will of the testator.

Neither is there any evidence sufficient to warrant a jury in finding that the executrix occupied such a special relation of trust and confidence toward the testator as to give rise to the presumption that a will in her favor was obtained by the exercise of undue influence. We have recently had occasion, in *Gager* v. *Mathewson, ante,* p. 539, to emphasize the fact that, although any relation of trust and confidence which gives opportunity

for the exercise of undue influence will always have its effect according to the circumstances of each case, the rule of procedure which puts the burden of proof on the contestant is reversed, only when a stranger beneficiary occupies a professional or business relation toward the testator which is affected with a fiduciary obligation. What was said in that case applies with equal force here. So far as the testimony shows, the relation between the testator and the executrix was merely that of uncle and niece living together in the same family; and on the evidence before us the court would not have been justified in submitting to the jury the question whether such a special relation of trust and confidence as is referred to in *Kirby's Appeal*, 91 Conn. 40, 44, 98 Atl. 349, existed between the executrix and the testator in this case.

There is no error.

In this opinion the other judges concurred.