MILTON BERKOWITZ ET AL., ADMINISTRATORS
(ESTATE OF JENNIE BERKOWITZ) *v.*
ALICE H. BERKOWITZ ET AL.

BALDWIN, C. J., KING, MELLITZ, SHEA and ALCORN, Js.

Argued May 4—decided June 28, 1960

*Morgan P. Ames,* for the appellants (plaintiffs).

*Harold J. Eisenberg,* for the appellees (defendants).

MELLITZ, J. The plaintiffs, administrators of the estate of Jennie Berkowitz, late of New Britain, brought this action to set aside certain conveyances on the ground that they were made by the decedent at a time when she lacked mental capacity and while she was under the influence and domination of the named defendant, her daughter Alice, and were the result of the exercise by the latter of undue influence upon her.

The finding, which is not subject to correction, discloses the following facts: The decedent died in New Britain on April 3, 1956, at the age of eighty-three. Her seven children and a younger brother, Jacob Wilensky, survived. At the time of her death, her household consisted of Alice; a son, Morris; and Jacob Wilensky. Jacob helped care for her business interests. Prior to the conveyances in question, the decedent owned her home at 29 Camp Street, New Britain, and undivided half interests in two commercial properties in New Britain, the United Building at Nos. 304-310 Main Street and the Beaton Building at Nos. 301-307 Main Street. Alice, who was unmarried, was a registered nurse. She had begun the practice of her profession in 1930 and had helped to support the household during the depression years. In 1945, at the decedent's request, she agreed to give up nursing and to stay at home and run the household; in return, the decedent promised her that she would always have a home and sufficient means of support. During the last ten years of her life, the decedent had benign hypertension and generalized arteriosclerosis, ailments common to persons of her age, but her judgment and mental faculties were not impaired. On April 28, 1951, she conveyed her house to Alice, reserving a life use; on February 13, 1953, she conveyed her interest in the

United Building to Alice, also reserving a life use which represented an income approximating $8000 a year. The deeds were prepared by an attorney who had known the decedent for many years and had previously prepared legal instruments for her. After each deed was drafted, he explained it to her, and she stated that each document was as she desired it. On March 2, 1956, she executed a trust indenture of her interest in the Beaton Building, naming as beneficiaries all of her children and her brother.

The court concluded that the decedent had sufficient mental capacity when she executed the three instruments in question and was not under the influence of anyone; that the decisions to make the transfers and to create the trust were neither induced by, nor resulted from, the exertion of undue influence upon her by anyone; and that the conveyances to Alice and the creation of the trust were logical dispositions of the decedent's property and should not be set aside.

The principal contention of the plaintiffs is that the court erred in not placing upon Alice the burden of proving the absence of undue influence. The claim is that she was a nurse, ministering to her mother as such, and that as a result she stood in a relationship of trust and confidence toward her mother which raised a presumption of undue influence and placed on Alice the burden of rebutting it.

Ordinarily, the burden of proof on the issue of undue influence rests on the one alleging it, and this is true whether the issue arises in a will contest or in a proceeding in equity to set aside a conveyance. *Bucchi* v. *Gleason,* 137 Conn. 25, 30, 74 A.2d 212; *Pepin* v. *Ryan,* 133 Conn. 12, 15, 47 A.2d 846; *Sullivan* v. *Clear,* 101 Conn. 603, 612, 127 A. 14. In will contests, we recognize an exception to this principle

when it appears that a stranger, holding toward the testator a relationship of trust and confidence, is a principal beneficiary under the will and that the natural objects of the testator's bounty are excluded. *Downey* v. *Guilfoile,* 93 Conn. 630, 632, 107 A. 562; *Goodno* v. *Hotchkiss,* 88 Conn. 655, 666, 92 A. 419. The burden of proof, in such a situation, is shifted, and there is imposed upon the beneficiary the obligation of disproving, by a clear preponderance of evidence, the exertion of undue influence by him. *Lockwood* v. *Lockwood,* 80 Conn. 513, 522, 69 A. 8. A similar rule would seem to apply in proceedings to set aside conveyances. See *Preston* v. *Preston,* 102 Conn. 96, 111, 128 A. 292; *Sullivan* v. *Clear,* supra; *Mooney* v. *Mooney,* 80 Conn. 446, 452, 68 A. 985. We have said, however, that the law "does not brand every legacy as prima facie fraudulent simply because the legatee enjoys the trust and confidence of the testator. . . . [I]t is only where the beneficiary is, or has acquired the position of, a religious, professional or business adviser, or a position closely analogous thereto, that the rule of public policy can be invoked which requires such a beneficiary to show that he has not abused his fiduciary obligation." *Gager* v. *Mathewson,* 93 Conn. 539, 544, 107 A. 1. It has been stated frequently that the rule should not be extended beyond the limitations placed upon it in its recognition. *Lockwood* v. *Lockwood,* supra; *Kirby's Appeal,* 91 Conn. 40, 43, 98 A. 349; *Gager* v. *Mathewson,* supra. There is a marked distinction between the situation where the beneficiary is a stranger and the situation where he is a child of the testator or grantor. *Lockwood* v. *Lockwood,* supra, 523; *Hills* v. *Hart,* 88 Conn. 394, 396, 91 A. 257; *Page* v. *Phelps,* 108 Conn. 572, 587, 143 A. 890. When, as here, a child is the beneficiary, the burden

of proving the absence of undue influence does not shift to the child, even though it appears that a confidential relationship existed. *Goodno* v. *Hotchkiss,* supra; *Hills* v. *Hart,* supra; *Mooney* v. *Mooney,* supra; *Dale's Appeal,* 57 Conn. 127, 144, 17 A. 757. "It is the child's privilege to anticipate some share of the parent's estate. He may use all fair and honest methods to secure his parent's confidence and obtain a share of his bounty. From such a relationship alone, the law will never presume confidence has been abused and undue influence exercised." *Hills* v. *Hart,* supra.

The situation here, with regard to the burden of proof, is not altered by the fact, stressed by the plaintiffs, that Alice was a nurse and ministered to her mother as such. The court was not in error in refusing to impose upon her the burden of proving the absence of undue influence.

There is no error.

In this opinion the other judges concurred.