[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the instant case, Marcia Thompson and Carol Thompson, sisters of the defendant Stephen Thompson, instituted two separate lawsuits. One petitioned this court to void a deed from Helen Thompson, the parties' mother, to Stephen Thompson, through which Helen deeded to Stephen all her right, title and interest in and to certain property located at 107 Orange Avenue, Milford, Connecticut. The second lawsuit was an appeal from probate claiming that the Probate Court should not have admitted the Will of Helen Thompson to probate. Upon plaintiffs' petition both cases were combined for trial.
One issue in the complaint indicates that the defendant has violated the contract whereby in exchange for receiving his mother's home in fee he would administer care for her life tenure.
This issue can be put aside immediately as there is absolutely no privity of contract. "The proposition that one who was neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract merits little discussion." Coburn v. Lenox Homes, Inc., 173 Conn. 567,570, 378 A.2d 599 (1977); see also Governors Grove CondominiumAssn., Inc. v. Hill Development Corp., 36 Conn. Sup. 144, 147,414 A.2d 1177 (1980). "Generally, enforcement of a contractual obligation depends on privity of contract." Reynolds v. Owen,34 Conn. Sup. 107, 111, 380 A.2d 543 (1977).
The remaining issue is the claim of the plaintiff that there was undue influence exerted upon the grantor to obtain control of said property. "Undue influence is the exercise of sufficient control over a person, whose acts are brought into question, in an attempt to destroy his free agency and constrain him to do something other than he would do under normal control." Pickmanv. Pickman, 6 Conn. App. 271, 275, 505 A.2d 4 (1986), citingReynolds v. Molitor, 184 Conn. 526, 528, 440 A.2d 191 (1981).
"It is stated generally that there are four elements of undue influence: (1) a person who is subject to influence; (2) an opportunity to exert undue influence; (3) a disposition to exert CT Page 3335 undue influence; and (4) a result indicating undue influence." (Citation omitted; internal quotation marks omitted.) Pickman v.Pickman, supra, 6 Conn. App. 275.
"Relevant factors include age and physical and mental condition of the one alleged to have been influenced, whether he had independent or disinterested advice in the transaction . . . consideration or lack or inadequacy thereof for any contract made, necessities and distress of the person alleged to have been influenced, his predisposition to make the transfer in question, the extent of the transfer in relation to his whole worth . . . failure to provide for all of his children in case of a transfer to one of them, active solicitations and persuasions by the other party, and the relationship of the parties." (Alteration in original; citation omitted; internal quotation marks omitted.)Pickman v. Pickman, supra, 6 Conn. App. 275-76.
"[T]he mere opportunity of exerting undue influence . . . is not alone sufficient . . . There must be proof not only of undue influence but that its operative effect was to cause the testator to make a will which did not express his actual testamentary desires." (Citations omitted; emphasis added.) Lancaster v. Bankof New York, 147 Conn. 566, 573-74, 164 A.2d 392 (1960). "There is a marked distinction between the situation where the beneficiary is a stranger and the situation where he is a child of the testator or grantor. . . . When . . . a child is the beneficiary, the burden of proving the absence of undue influence does not shift to the child, even though it appears that a confidential relationship existed." (Citations omitted; emphasis added.) Berkowitz v. Berkowitz, 147 Conn. 474, 477-78,162 A.2d 709 (1960).
"The relationship between a parent and a child does not per se give rise to the establishment of a fiduciary relationship. . . . If, however, a confidential [fiduciary] relationship is proved, then the burden of proving fair dealing or the burden of showing the absence of undue influence shifts to the defendant or the fiduciary, and that burden must be sustained by clear and convincing evidence." (Alterations added; citations omitted.) Cooper v. Cavallaro, 2 Conn. App. 622, 626,481 A.2d 101 (1984). In the instant case, the plaintiffs have not proved a confidential relationship beyond that of mother and son. SeeDunham v. Dunham, 204 Conn. 303, 322, 528 A.2d 1123 (1987);Gulack v. Gulack, 30 Conn. App. 305, 312, 620 A.2d 181 (1993). CT Page 3336
Testimony was offered by one of the plaintiffs that she refused to take the property from the mother because the mother refused in one instance to move to Massachusetts. The other plaintiff declined the offer and Mrs. Thompson offered it to her son. There was testimony from Mr. Temple, a respected attorney in the Valley, indicating there was no undue pressure and he exceeded the boundaries of the Canon of Ethics by overextending himself to make Mrs. Thompson satisfied. Despite the fact that there was no privity of contract, the court must indicate that if indeed there was a contract there was no evidence that the defendant violated said instrument.
In testimony at trial the plaintiffs and the plaintiffs' witnesses stressed the fact that Mrs. Thompson was of sound mind and memory and had knowledge of the entire transaction.
In both cases, the court finds for the defendant with costs.
BY THE COURT,
Philip E. Mancini, Jr., Judge